**STATE of Missouri, Respondent,**

v.

**James Frank WHITE, Appellant.**

No. 53663.

Supreme Court of Missouri,
Division No. 2.

April 14, 1969.

Norman H. Anderson, Atty. Gen. Jefferson City, McCormick v. Wilson, Sp. Asst. Atty. Gen. Jefferson City, for respondent.

James, McFarland & Trimble, North Kansas City, for appellant.

FINCH, Presiding Judge.

Defendant was charged with attempted burglary of the Penthouse Lounge in North Kansas City with intent to steal certain articles of personal property kept in the building. He appeals from the judgment entered after a jury found him guilty and

fixed his punishment at five years' imprisonment. We affirm.

▮ Defendant filed a motion for new trial but it was not filed within the time fixed by the trial court. The trial court granted until December 13, 1968, for the filing of a motion for new trial. The motion for new trial actually was filed on December 15, 1968. Accordingly, it is a nullity and preserves nothing for review. State v. Hamilton, Mo., 391 S.W.2d 872. We do, however, consider the point raised in defendant's brief on appeal that the evidence was insufficient to make a submissible case. We review this contention notwithstanding the fact that the motion for new trial was not timely filed because "* * * if the evidence is not sufficient to sustain the conviction, plain error affecting a substantial right is involved from which manifest injustice must have resulted. S.Ct. Rule 27.20(c), V.A.M.R." State v. McClunie, Mo., 438 S.W.2d 267, decided March 10, 1969.

The issue whether a submissible case was made necessitates a rather full recital of the evidence introduced. In some instances, this opinion, written on reassignment, may use without quotation marks portions of an opinion which was written but not adopted.

The Penthouse Lounge is a cocktail bar located at 3531 North Oak Street Trafficway in North Kansas City. Liquor and various other goods were kept there for sale. The Penthouse is near the top of a hill as the highway leads north out of the city. It is about two blocks north of the Consumers Cooperative Building which is located on the same street.

At about 1:45 A.M. on January 12, 1967, Carl Summers closed and locked the Penthouse for the night. He first locked both the front door and an outside metal storm type door which was locked with a padlock. At that time there were no pry marks on this storm type door or the door casing. After Summers locked the front of the Penthouse, he put the money away and then left by the rear door, which he also locked.

At 3:35 A.M. of that same morning, Officer Mynatt was conducting a building check in the 3500 block of North Oak. When he drove up to the Penthouse, he noticed a black attaché case by the entranceway. He examined it and found that it contained various tools, including a brace, sledge hammer, screwdrivers, a metal cutting saw, wire cutters, a chisel, and other items. In addition, he found on the floor near the door an 18″ pry bar, a 12″ screwdriver, and a hatchet. The officer described these as burglary tools and testified that they had the appearance of having been dropped and left in a hurry.

The storm type door was secured by a "hinged type hasp with a padlock on it". The hasp had been beaten off and was hanging on the door casing and "there were several pry marks around there where it apparently had been pried on and beaten on". Officer Mynatt saw no one at the door or near the building, but he notified the dispatcher and Officer Smith came upon the scene and they began a search of the area. About 40 yards east of the Penthouse Lounge, near a small motel unit, the officers found an old abandoned truck with weeds grown up around it. They shined their lights under the truck and discovered defendant trying to hide behind the dual wheels. No other person was found in the area.

The officers ordered defendant to crawl out from under the truck and then informed him of his right to remain silent and his right to counsel, including free counsel if he could not afford to pay therefor. He also was informed that he had been found by the officers in peculiar circumstances and was going to be checked in connection with the attempted burglary. Officer Smith then asked defendant whether, with this information in mind, he wanted to answer any questions. Defendant responded that he had nothing to hide.

In the questioning which followed, defendant was asked what he was doing in the area. He stated that he had been hitchhiking and that when he saw the police

car coming down the street, he ran and hid under the truck because he was afraid that he would be arrested for hitchhiking. Defendant asked the officers what burglary they were talking about, and the officers informed him that he was being taken in for questioning about an attempted burglary of the Penthouse Lounge. Defendant then informed Officer Smith that he was new in Kansas City and that he did not know anything about a Penthouse Lounge or where it was located.

The officers frisked defendant at the scene but found no weapon. They then took him to the police station and booked him, at which time they found that he had a penlight in his pocket, a folded pillow slip in his jacket pocket, and a paper napkin in his shirt pocket on which was written: "Leaving North Kansas City going north— Co-op two blocks—Penthouse 3531 North Oak."

■ In circumstantial evidence cases this court repeatedly has held that the facts and ·circumstances all must be consistent with guilt of the defendant and inconsistent with any reasonable hypothesis of his innocence. The rule is well stated in State v. Walker, Mo., 365 S.W.2d 597, 601: "Where the evidence of defendant's agency in connection with the theft charged is entirely circumstantial, the facts and circumstances relied upon by the state to establish guilt must not only be consistent with each other and with the hypothesis of defendant's guilt, but they must also be inconsistent and irreconcilable with his innocence and must point so clearly and satisfactorily to his guilt as to exclude every reasonable hypothesis of innocence. State v. Murphy, 356 Mo. 110, 201 S.W.2d 280, 282 [2]."

■ It also is established in many cases that in passing on the sufficiency of the evidence to support a verdict of guilty in a circumstantial evidence case, all substantial evidence tending to support the verdict must be accepted as true and must be viewed in the light most favorable to the verdict. In addition, every legitimate inference therefrom favorable to the verdict must be indulged. State v. Webb, Mo., 423 S.W.2d 795; State v. McGlathery, Mo., 412 S.W.2d 445; State v. Bayless, 362 Mo. 109, 240 S.W.2d 114.

The evidence in this case, viewed as required in the foregoing cases, establishes the following: Officers discovered an attempted burglary of the Penthouse Lounge and observed that the would-be burglar had left in haste, leaving his scattered tools and his tool case behind him. The officers searched the area and found the defendant a short distance to the rear of the Lounge hiding under an old truck. He told the officers that he had observed the police car approaching and that he then ran and hid to avoid detection, although he claimed this was because he feared arrest as a hitchhiker. He claimed to be a stranger in Kansas City, unfamiliar with the Penthouse Lounge or its location, but in his pocket was a written memorandum giving the specific address of the Lounge and general directions as to how to reach it. He also had in his pocket a folded pillow slip and a small penlight. The jury reasonably could infer that defendant lied when he told the officers that he was unfamiliar with the Penthouse and its location and could find that the written memorandum he was carrying indicated he knew its location and that he came to the area for the purpose of burglarizing the place. It reasonably could find that he was at the door attempting to break in when the police car approached and that he ran to avoid detection for that reason, and not because he feared arrest as a hitchhiker. The jury also could infer that the folded pillow slip (not exactly an item which a man usually carries in his pocket as an accessory) was for the purpose of carrying away any loot obtained, and that the small flashlight was for use in attempting to break in and in searching the building for things to take.

It was developed in the evidence that the police had dusted for fingerprints but found

none, but the jury reasonably could infer that this was due to the fact that the defendant was wearing gloves at the time he was discovered hiding under the truck.

We hold that these facts, circumstances and reasonable inferences therefrom are sufficient to sustain the verdict of guilty. The language used by this court in State v. Burton, Mo., 357 S.W. 2d 927, 931, is appropriate: "These circumstances are all consistent with each other and are consistent with the hypothesis of appellant's guilt of the offense for which he was charged. They are inconsistent with his innocence, and while these circumstances are not of themselves conclusive, and they need not demonstrate an absolute impossibility of innocence, 23 C.J. S. Criminal Law § 907, p. 578, when considered together they point so clearly and satisfactorily to his guilt so as to exclude every reasonable hypothesis of innocence. We therefore conclude that the facts and circumstances shown by the evidence are sufficient, as a matter of law, if believed by the jury to induce a belief of appellant's guilt beyond a reasonable doubt."

Other circumstantial evidence cases in which the evidence has been found to be sufficient to sustain a verdict of guilty include State v. Davis, Mo., 367 S.W.2d 517; State v. Johnson, Mo., 361 S.W.2d 662, and State v. Giden, Mo., 369 S.W.2d 212, as well as State v. Burton, supra. While the facts in each of these cases differ from those in the case against the defendant herein, an analysis of each indicates that the facts which were held there to be sufficient to support a conviction were not more convincing than the facts in the instant case.

Defendant cites and relies on four cases in support of his contention that the verdict is unsupported by sufficient evidence.

Those cases are State v. Matticker, Mo., 22 S.W.2d 647; State v. Watson, Mo., 350 S.W.2d 763; State v. Walker, Mo., 365 S.W.2d 597, and State v. Rogers, Mo., 380 S.W.2d 398. We do not propose to recite the facts in each of those cases and thereby considerably lengthen this opinion. Those who are interested may read them. An analysis of the cases, however, establishes that they do not dictate a finding herein that the evidence is insufficient to support the judgment of conviction.

In Matticker the Attorney General conceded that the evidence was insufficient to convict. In Watson the defendant was a passenger in a car containing stolen cigarettes. The evidence, at most, disclosed joint possession of stolen cigarettes by defendant and the owner-driver of the car. The state relied on that possession to convict. The opinion held that where joint possession is shown, the evidence also must show a conspiracy or there must be some other evidence to connect defendant with the offense. Such evidence was not present. That ruling is not applicable here. In Walker the state again recognized that there was a very close question on the issue of whether a submissible case was made. The opinion holds that there were no incriminating circumstances other than suspicious conduct and an opportunity to commit the offense, and that these were insufficient. In Rogers there was nothing in the evidence to show other than presence in the area, affording an opportunity to commit the crime, plus conduct which appeared suspicious.

An examination of the record as required by S.Ct. Rule 28.02, V.A.M.R., as it existed when this case was submitted, discloses no error.

The judgment is affirmed.

All of the Judges concur.