**STATE of Missouri, Respondent,**

v.

**Andrew Duran MARES, Appellant.**

**No. 57253.**

Supreme Court of Missouri,
Division No. 2.

Nov. 13, 1972.

John C. Danforth, Atty. Gen., Stephen D. Hoyne, Asst. Atty. Gen., Jefferson City, for respondent.

James L. McMullin, Hill & McMullin, Kansas City, for appellant; John Cosgrove, Kansas City, of counsel.

STOCKARD, Commissioner.

Andrew Duran Mares was found guilty by a jury of first degree robbery and sentenced to imprisonment for a term of ten years. He has appealed from the ensuing judgment. The notice of appeal was filed prior to January 1, 1972. Therefore appellate jurisdiction is in this court.

From the evidence a jury reasonably could find that on June 18, 1970 appellant pointed a shotgun at Mr. Lonnie Berry, an attendant at McCall's Service Station in Kansas City, Missouri, and took from him some money held in a metal clip and also a coin changer, all amounting to approximately $40. Appellant ran and hid under a nearby automobile where he was thereafter apprehended by the police.

Appellant first contends that the court erred in giving Instruction No. 2, the verdict directing instruction, because it "failed to require a finding of * * * the means by which the victim was put in fear."

First degree robbery is defined in § 560.-120 RSMo 1969, V.A.M.R. It there provides that "Every person who shall be convicted of feloniously taking the property of another from his person, or in his presence, and against his will, by violence to his person, or by putting him in fear of some immediate injury to his person; * * * shall be adjudged guilty of robbery in the first degree."

Instruction No. 2 included the following:

Second, that at that time and place the defendant took the property from Lonnie Berry against his will by causing him to fear immediate injury to his person.

▇▇▇ Instruction No. 2 was in the form of Instruction 7.60 of the Missouri Bar Association Draft Pattern Criminal Instructions. One of the purposes of those instructions is to eliminate unnecessary material and to submit only the ultimate issue to the jury. In this case the ultimate issue was the taking of the property "by putting him in fear of some immediate injury to his person." The instruction submitted the issue of placing in fear in substantially the language of the statute, and that issue was supported by the evidence. We rule the challenged portion of the instruction to be sufficient.

Appellant's second and last contention is that the trial court erred in not ordering a mental examination of appellant on its own motion.

Prior to trial the court called attention to the fact that appellant had at one time requested a continuance on the basis a motion for a mental examination would be filed. After some discussion, and a suggestion by the prosecuting attorney that it be ascertained that appellant was fit to proceed, appellant's counsel requested to have him testify "for the limited purpose of going into mental competency." Appellant then testified concerning his age, education and general background. He stated that he had been in a mental institution in the "early 60's" in Colorado when charged with a crime. He there received "group therapy" and was "found okay." He further testified that he understood the charge against him, that he had talked to his attorney in detail, that he was able to help his attorney in preparing his defense, that he was not then having any mental problem, and that he agreed with his counsel that he did not need a mental examination. The trial court found that appellant "is competent to participate in his trial and assist his counsel and that he was competent on the date of the commission of the alleged offense."

Appellant argues that the court should not have accepted appellant's opinion of his own competency. He asserts no reason except that his conduct in committing the crime demonstrated that he was irrational.

Section 552.020(2) RSMo 1969, V.A.M.S., directs a trial court to order a psychiatric examination of an accused only when it has reasonable cause to believe he has a mental disease or defect excluding fitness to proceed with the trial.

Appellant's testimony and his appearance gave the court no cause to believe he had a mental disease or defect, a conclusion concurred in by his counsel. Under these circumstances there was no reason for the court to order a psychiatric examination of appellant on its own motion.

The judgment is affirmed.

HOUSER, C., concurs.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

MORGAN, P. J., and HENLEY and DONNELLY, JJ., concur.

O'LEARY, Special Judge, not participating.