**STATE of Missouri, Respondent,**

v.

**Jack D. WATSON, Appellant.**

**No. 9616.**

Missouri Court of Appeals, Springfield District.

July 8, 1974.

Motion for Rehearing or to Transfer to Supreme Court Denied July 24, 1974.

John C. Danforth, Atty. Gen., Robert Presson, Asst. Atty. Gen., Jefferson City, for respondent.

Michael Baker, Springfield, for appellant.

TITUS, Judge.

A jury found defendant guilty of first degree robbery by means of a dangerous and deadly weapon and assessed his punishment at five years' confinement. §§ 560.120 and 560.135 RSMo 1969, V.A.M.S. He has appealed.

■ Rule 27.20(a), V.A.M.R., requires that a motion for new trial "shall be filed before judgment and within ten days after the return of the verdict" unless, upon defendant's application, the trial court extends the time therefor but not beyond the 40-day limit set by the rule. State v. Tucker, 451 S.W.2d 91, 92 [1–3] (Mo. 1970). The provisions of the rule are mandatory. State v. Franklin, 379 S.W.2d 526, 527 [2] (Mo.1964). Defendant, according to the transcript before us, did not apply for and the trial court did not allow an extension of time for filing the new trial motion which was filed on the 17th day after the return of the verdict. Consequently, as the motion was not timely filed (so the record reveals), we are precluded from considering any matters required to be preserved in a motion for a new trial. State v. Parker, 310 S.W.2d 923, 924 [1] (Mo.1958). Nonetheless, we must examine the transcript on appeal in the areas required by Rule 28.02 and for the purpose of ascertaining whether plain error may have accrued affecting substantial rights resulting in manifest injustice or miscarriage of justice. Rule 27.20(c). In so doing, we will also briefly note the appeal points relied on by defendant to demonstrate that the absence of a timely motion for new trial has not prejudiced his cause.

■ The point in defendant's brief that the information "wholly failed to charge defendant with any crime" is supplemented by a one-sentence argument that "The information as filed by the State failed to set out the necessary elements of the crime of 1st degree robbery under Section 560.-120 RSMo 1969 [V.A.M.S.]." Save for the statutory reference, no citation of authority to this point is given. Neither the point nor the argument preserves anything for appellate review because neither advises wherein and why defendant claims the information is faulty, as required by Rule 84.04(d), which is made applicable to criminal cases by Rule 28.18. State v. Tartenaar, 371 S.W.2d 192, 194 [1] (Mo.1963); State v. Warren, 469 S.W.2d 662, 663 (Mo.App.1971). However, as noted supra, we must consider the sufficiency of the information under the mandate of Rule 28.02 although the point was not saved by brief or otherwise. State v. White, 431 S.W.2d 182, 186 [4] (Mo.1968). It is unnecessary that we encumber this opinion by reciting the information here in haec verba. Enough is done by observing that it alleged all essential elements of the crime sought

to be charged and clearly informed defendant of the nature and cause of the accusation against him. Though not in the exact same words as the information approved in State v. Phelps, 478 S.W.2d 304, 306 [1] (Mo.1972) and State v. Martin, 451 S.W.2d 96, 98 [2] (Mo.1970), the information in this case is sufficiently similar to make it apparent that it correctly charged the offense of robbery in the first degree by means of a dangerous and deadly weapon.

■ Defendant's point that his motions for judgment of acquittal (Rule 26.-10) should have been sustained because the evidence was not sufficient to sustain a conviction and the verdict "went against the weight of the evidence," faults Rule 84.04(d) by not telling us wherein and why the evidence was insufficient or the verdict was against the weight of the evidence. A point that the verdict is contrary to or went against the weight of the evidence presents nothing for review [State v. Koen, 468 S.W.2d 625, 629 [3] (Mo.1971)], but if we view the initial segment of the point as a claim that the state did not make a submissible case, a gratuitous look at defendant's argument indicates the point is not directed toward the question of whether a crime was committed but to the proof of defendant having been the person who committed it. To this defendant erroneously asserts the "testimony of one witness as to the identity of defendant-appellant as being the person who committed the crime is not sufficient evidence upon which to base a conviction." Many cases to the contrary, including State v. Gluff, 285 Minn. 148, 172 N.W.2d 63, 64 [1, 2] (1969), cited by defendant, hold that if believed by a jury beyond a reasonable doubt, the testimony of a single witness is sufficient to establish the identity of the defendant in a criminal prosecution because the credibility of the witness and the weight of the evidence is for the jury. State v. Tucker, supra, 451 S.W.2d at 95 [5]; State v. Wren, 498 S.W.2d 806, 809 (Mo.App.1973). The identification of defendant as the robber by the prosecuting witness was consistently positive and was sufficient to make a submissible case on the issue of identity. State v. Cannon, 486 S.W.2d 212, 214 [3] (Mo.1972). It was also within the jury's province to disbelieve defendant's alibi witnesses. State v. Hill, 438 S.W.2d 244, 248 [9] (Mo.1969).

■ In his untimely motion for new trial, and again by two points in his brief, defendant abstractly penned that the instructions given by the trial court were "not an accurate and precise statement of the law [and] were ambiguous and misleading and . . . confusing to the jury." Neither defendant's motion [State v. Mitchell, 500 S.W.2d 320, 323 [6, 7] (Mo.App.1973)] nor his points on appeal salvage anything for appellate review [State v. Stavricos, 506 S.W.2d 51, 56 [4] (Mo.App.1974)], as they omit to designate the instructions complained of, and do not demonstrate any alleged deficiencies therein or state wherein and why they, or any one of them, are inaccurate, imprecise, ambiguous, misleading or confusing. State v. Johnson, 504 S.W.2d 23, 29–30 [8] (Mo. 1973). In addition, and contrary to Rule 84.04(e), no instruction is "set forth in full [or even in part] in the argument portion of the brief." Six instructions, all told, were given. Defendant expressly agreed to two, and requested one, so he is in no position to complain of these. Rule 26.-06(1); State v. Nelson, 459 S.W.2d 327, 334 [11] (Mo.1970). Instructions 5 and 6, respectively, charged the jury that "The Court does not mean to assume as true any fact referred to in these instructions but leaves it to you to determine what the facts are" and instructed regarding verdict possibilities; these were not erroneous or prejudicial to defendant. Although MAI–CR was not in effect at the time of trial, the only other instruction given was similar to MAI–CR 7.62 except that the element of the use of a dangerous and deadly weapon to cause the prosecuting witness to fear immediate injury to his person was

**894**

stated in a separate paragraph, rather than included in paragraph Second as is provided in the approved form. We rule the instruction submitted all the issues involved in first degree robbery in the language of the statute, that the issues were supported by the evidence, and that the instruction was sufficient. Cf. State v. Mares, 486 S. W.2d 215, 216 [2] (Mo.1972).

Defendant's final point: "The trial court erred in not striking two jurors for cause when it was shown that they had previously been victims of robberies and in so doing the court interferred with and denied defendant-appellant effective use of his peremptory challenges." The basis for this is that on voir dire examination two veniremen, in answer to inquiry, stated they had been robbed. Further questioning elicited the response that neither believed the experience would prevent his judging the case "on the evidence produced in this court and on the court's instructions" or impede his fair consideration of the cause. At the conclusion of the examination by defendant's counsel, the two prospective jurors were challenged for cause. The trial court overruling the challenge was not error. State v. Cashman, 485 S.W.2d 431, 433 [4] (Mo.1972); State v. Harris, 425 S.W.2d 148, 155 [8, 9] (Mo.1968).

In addition to our examination of the information, supra, we have also examined and found the verdict, judgment and minimum sentence to be sufficient and proper. Court appointed counsel was provided at all stages of this proceeding. Defendant was permitted this appeal as a poor person and provided, gratis, the transcript on appeal. From the record we find no miscarriage of justice.

The judgment is affirmed.

HOGAN, C. J., STONE and BILLINGS, JJ., and JAMES R. REINHARD and FRANK CONLEY, Special Judges, concur.