**STATE of Missouri, Respondent,**

v.

**James RICHARDSON, Appellant.**

No. 58468.

Supreme Court of Missouri, Division No. 2.

Feb. 18, 1975.

John C. Danforth, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, Thomas W. Shannon, Pros. Atty., Dennis F. Kay, Asst. Pros. Atty., St. Louis, for respondent.

Daniel R. Devereaux, Brady, Brady & Devereaux, St. Louis, for appellant.

STOCKARD, Commissioner.

Appellant was charged by information in the St. Louis Court of Criminal Correction with the sale of an obscene publication in violation of Section 563.280, RSMo 1969, V.A.M.S., a misdemeanor, and was found guilty by the court, a jury having been expressly waived.

This is one of five somewhat related cases. We retained appellate jurisdiction of State v. Flynn, 519 S.W.2d 10, (Mo. 1975), because of a contention pertaining to an alleged unconstitutional seizure. We retain appellate jurisdiction of this case for the same reason.

The statement of facts may be brief.

On July 6, 1973, police officer Horton entered a bookstore at 3301 South Broadway and took from a rack containing magazines, one by the name of "Private Issue E." The magazine was wrapped in clear cellophane through which could be seen on the front cover a picture in color of a nude couple engaged in sexual intercourse with what appears to be a clothed young boy looking on. The officer took the magazine to appellant who looked at the front cover and then turned it over and looked at the back cover, also visible through the cellophane, which contained a color picture of a couple, almost completely nude, engaged in an unnatural sex activity. The officer then purchased the book for $10.40 and received it from appellant. The officer and a companion then examined the magazine in its entirety and returned to the store and placed appellant under arrest. The pictures on the front and back covers of the magazine were clearly "hard core" ob-

scenity, and it can fairly be said that the contents of this magazine is the most "hard core" obscenity of that in any of the other related cases.

Appellant was found guilty on August 17, 1973, and was granted leave until August 27, 1973, to file a motion for a new trial. No such motion was filed until September 27, 1973.

Rule 27.20(a), V.A.M.R., provides that the motion for new trial "shall be filed before judgment and within ten days after the return of the verdict: Provided, on application of defendant, the court may extend the time for filing such motion for an additional period of thirty (30) days: Provided further, the court shall have no power to make another or further extension of the time for filing said motion."

The "return of the verdict" in a nonjury case is the date the court makes its findings on the issue of guilt. City of St. Louis v. Meixner, 285 S.W.2d 50 (Mo. App.1955). The record contains no indication that an extension of time to file the motion was requested or granted. But, in any event, it was not filed until the forty-first day after the pronouncement of guilt. For this reason the motion for new trial is a nullity. State v. Tucker, 451 S.W.2d 91 (Mo.1970).

We shall consider each point under our discretionary authority to determine whether appellant is entitled to any relief by reason of plain error within the meaning of Rule 27.20(c).

In his first point appellant contends that the court erred in admitting into evidence the magazine for the reason that the arrest was without probable cause because it was based on the arresting officer's personal opinion as to the obscenity and not pursuant to a prior judicial determination, and therefore the seizure was unreasonable. There was no seizure. The police officer obtained possession of the magazine by reason of a purchase. This same contention was ruled adversely to appellant's contention in State v. Flynn, supra.

Appellant next challenges Section 563.-280, RSMo 1969, on the same constitutional grounds ruled in State v. Flynn, supra. We need not here restate the reason for the ruling there made adversely to the contention he now presents.

The third and fourth contentions are that there was no evidence of scienter or that there was a sale of an obscene publication. Our recitation of the facts demonstrates the lack of merit to these two contentions. See State v. Flynn, supra.

Not only is there no basis for the application of the plain error rule, there was no error when the contentions are considered on their merits.

The judgment is affirmed.

HOUSER, C., concurs.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the court.

All of the Judges concur.