**STATE of Missouri, Plaintiff-Respondent,**

v.

**Walter Eugene MORSE, Defendant-Appellant.**

**No. 9914.**

Missouri Court of Appeals, Springfield District.

Aug. 22, 1975.

Rehearing Denied Aug. 29, 1975.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Paul Crider, Jr., Public Defender, John D. Wiggins, Asst. Public Defender, Rolla, for defendant-appellant.

Before STONE, P. J., and HOGAN and TITUS, JJ.

TITUS, Judge.

The chronology of this case is thus:

*October 31, 1974*—A Phelps County jury returned its verdict finding defendant guilty of second degree burglary and stealing. Defendant neither applied for nor received an extension of time to file his motion for new trial. Ergo, the motion was required to be filed "within ten days after the return of the verdict." Rule 27.20(a); *State v. Cantrell,* 403 S.W.2d 647, 649[1] (Mo.1966).

*November 13, 1974*—Verdict plus 13 days, a motion for new trial was filed. This was 3 days too late. The provisions of Rule 27.20(a) relating to the time for filing a new trial motion are mandatory [*State v. Tucker,* 451 S.W.2d 91, 92[1] (Mo.1970)] and we are bound to recognize the late filing sua sponte as neither the court nor the parties can waive the rule's requirements. *State v. Rapp,* 412 S.W.2d 120, 122[2] (Mo.

1967). Having been filed tardily, the motion for a new trial was a nullity and preserved nothing for consideration. *State v. White,* 439 S.W.2d 752, 753[1] (Mo.1969).

*December 5, 1974*—Defendant's motion for a new trial (though it was a nullity) was overruled, defendant was afforded allocution, the court rendered judgment and pronounced sentence. Rules 28.03 and 81.04 require that the notice of appeal shall be filed not later than 10 days after judgment. *Application of Holt,* 518 S.W.2d 451, 452–453 (Mo.App.1975). Hence, in this case and since the 10th day (December 15, 1974) was a Sunday (Rule 31.01), the notice of appeal should have been filed on or before December 16, 1974.

*December 18, 1974*—Judgment plus 13 days, the notice of appeal was filed. This was too late. Although the subject of the late filing has not been raised, we notice the matter ex mero motu since an adequate and timely filing of a notice of appeal is a prerequisite to our exercise of jurisdiction. *State v. Clemmons,* 416 S.W.2d 68, 70–71[1] (Mo.1967). The notice of appeal having been untimely filed, this court has no appellate jurisdiction [*State v. Hayes,* 394 S.W.2d 346–347[1–2] (Mo.1965)], and as no application has been made to this court for a special order permitting the filing of the notice of appeal out-of-time as provided by Rule 28.07, we have no choice but to dismiss the appeal. *State v. Johnson,* 382 S.W.2d 674, 675[2] (Mo.1964).

The appeal is dismissed.[1]

All concur.

1. This court has also observed that the transcript on appeal was not filed within the time required by Rule 81.18.