STATE of Missouri, Plaintiff-Respondent,

v.

Mildred SMITH, Defendant-Appellant.

No. 9973.

Missouri Court of Appeals,
Springfield District.

Sept. 2, 1975.

John C. Danforth, Atty. Gen., Robert House, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Randolph Maness, Maness & Maness, Doniphan, for defendant-appellant.

Before BILLINGS, C. J., and STONE and TITUS, JJ.

BILLINGS, Chief Judge.

Defendant Mildred Smith was found guilty of the first degree murder of her husband and sentenced to life imprisonment.

The verdict of the jury was returned January 9, 1975. No motion for new trial was filed nor application for or extension of time for such motion was made or granted within the 10-day period after the verdict. On January 21, 1975, two days after the expiration of the 10 days allowed for the filing of the motion for new trial, the court entered an order granting defendant two weeks to file the motion.

Rule 27.20(a), in part, states: "Such motion [new trial] shall be filed before judgment and within ten days after the return of the verdict: Provided, on application of defendant, the court may extend the time for filing such motion for an additional period of thirty (30) days . . . ."

Rule 31.02 provides: "Whenever by these Rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court, for good cause shown, may at any time in its discretion, (1) with or without motion or notice order the period enlarged if application therefor is made before the

expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion permit the act to be done after the expiration of the specified period where the failure to act was the result of excusable neglect; *but the court may not enlarge the period for filing a motion for new trial* or for taking an appeal as provided by these Rules." (Emphasis added).

 The defendant's motion for new trial was due to be filed within the 10-day period following the verdict [*State v. Morse,* 526 S.W.2d 432 (Mo.App.1975), decided August 22, 1975; Rule 27.20(a)], absent an application and the court's extension of the time for filing the motion within the allotted time (Rule 31.02) and the court's order of January 21, 1975, was unauthorized and a nullity.

 "The provisions of Rule 27.20(a) relating to the time for filing a new trial motion are mandatory [*State v. Tucker,* 451 S.W.2d 91, 92[1] (Mo.1970)] and we are bound to recognize the late filing sua sponte as neither the court nor the parties can waive the rule's requirements. *State v. Rapp,* 412 S.W.2d 120, 122[2] (Mo.1967). Having been filed tardily, the motion for a new trial was a nullity and preserved nothing for consideration. *State v. White,* 439 S.W.2d 752, 753[1] (Mo.1969)." *State v. Morse,* supra.

 The abortive motion for new trial was overruled February 4, 1975, at which time allocution was granted and the court rendered judgment and pronounced sentence. Rules 28.03 and 81.04 mandate the notice of appeal shall be filed not later than 10 days after judgment. *State v. Morse,* supra. Defendant's notice of appeal was filed February 18, 1975, *four* days late. Adequate and timely filing of a notice of appeal is a prerequisite to our exercise of jurisdiction, and the notice of appeal having been out of time, and no special order entered as provided in Rule 28.07, we have no

appellate jurisdiction of this case. *State v. Morse,* supra, and cases cited therein.

The appeal is dismissed.

All concur.