**STATE of Missouri, Respondent,**

v.

**Terry STEVENS, Appellant.**

**No. 9909.**

Missouri Court of Appeals, Springfield District.

Oct. 30, 1975.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

Randolph Maness, Maness & Maness, Doniphan, for appellant.

Before BILLINGS, C. J., and STONE and TITUS, JJ.

BILLINGS, Chief Judge.

Defendant Terry Stevens was convicted by a Ripley County jury of committing sodomy on a ten-year-old boy. By reason of a previous similar conviction the defendant was charged under the Second Offender Act, and on the jury's guilty verdict the trial judge sentenced the defendant to a 25-year prison term. We affirm.

Defendant's trial was conducted and the jury verdict returned on November 22, 1974. On December 3, 1974, defendant filed his motion for new trial. The motion was denied December 3, 1974, at which time the defendant was afforded allocution and sentence and judgment entered.

Defendant's motion for new trial was untimely and preserves nothing for appellate review. *State v. White,* 439 S.W.2d 752 (Mo.1969); *State v. Morse,* 526 S.W.2d 432 (Mo.App.1975). Rule 27.20(a) requires a motion for new trial to be filed within ten days after the verdict absent an application for and court extension of the time for filing such a motion. Here, defendant's motion for new trial was filed on the eleventh day following the verdict, and the record does not show the time for filing the motion had been extended pursuant to the requisite application. The Rule governing motion for new trial is cast in mandatory terms, and neither the parties nor the court can waive the requirements of the rule. *State v. Rapp,* 412 S.W.2d 120 (Mo.1967); *State v. Morse,* supra.

We have reviewed, pursuant to Rule 28.02, the sufficiency of the information, the verdict, the judgment and the sentence and find no error. Our examination of the record does not reveal any necessity for the invocation of the plain error rule [Rule 27.20(c)]. We also observe that, even had the defendant's motion been timely filed, we would be compelled to hold the defendant's incriminatory statements were properly received in evidence inasmuch as the statements to officers were without constitutional infirmities.

The judgment is affirmed.

All concur.