STATE of Missouri, Plaintiff-Respondent,

v.

Thomas Wesley MADDOX, Defendant-Appellant.

No. 37581.

Missouri Court of Appeals, St. Louis District, Division One.

April 12, 1977.

Hayes & Heisler, David M. Johnson, Daniel B. Hayes, Clayton, for defendant-appellant.

John Ashcroft, Atty. Gen., Preston Dean, W. Mitchell Elliott, Asst. Attys., Gen., Jefferson City, Courtney Goodman, Jr., Pros. Atty., George F. Meyer, Jr., Asst. Pros. Atty., Clayton, for plaintiff-respondent.

DOWD, Judge.

Defendant, Thomas Wesley Maddox, appeals from a judgment of conviction entered upon a jury verdict finding him guilty of attempted burglary in the second degree. Defendant argues that the state's evidence against him was insufficient to sustain a guilty verdict and that certain evidence was improperly admitted.

Rule 27.20(a) requires that a motion for new trial shall be filed before judgment and within 10 days after the return of the verdict absent an application for and the court's approval of an extension of time. The record does not reflect that defendant requested or was granted an extension of time. Defendant filed his motion for new trial on February 11, 1975, some thirty-four (34) days after the verdict was returned and twenty-four (24) days out-of-time.

■ The requirements of Rule 27.20(a) relating to the time for filing a motion for new trial are mandatory. A motion for new trial filed beyond the time provided for by this rule is a nullity. *State v. Richardson*, 519 S.W.2d 15, 16 (Mo.1975); *State v. Laden*, 536 S.W.2d 880, 881 (Mo.App.1976). If the motion for a new trial does not comply with the requirements of Rule 27.-20(a), the appellate court is precluded from considering any matters required to be preserved in a motion for new trial. *State v. Watson*, 511 S.W.2d 890, 892 (Mo.App.1974). However, the appellate court will review the transcript for plain error affecting substantial rights resulting in manifest injustice or miscarriage of justice. *State v. Watson, supra,* 892; Rule 27.20(c).

■ Although not preserved in a motion for new trial, a contention that the evidence is not sufficient to sustain a conviction will be reviewed under the plain error doctrine. *State v. White*, 439 S.W.2d 752, 753[2] (Mo.1969). We therefore summarize the evidence against defendant.[1] The police went to the Creve Coeur Pharmacy after the alarm had sounded. They discovered that the glass in the front door was cracked and that the door frame had a

---

1. In considering the contention that the evidence is insufficient to sustain the conviction, the court views the evidence and inferences to be drawn therefrom in the light most favorable to the state. *State v. Williams*, 521 S.W.2d 29[1] (Mo.App.1975).

mark on it approximately 1 inch long, 2 inches below the lock. A red substance was found adhering to this mark. The door lock was broken. No one was inside the pharmacy, and nothing inside appeared disturbed. The electrical boxes at the rear of the building had been torn down.

Approximately 13 minutes after the original call, the police stopped an automobile in the vicinity of the pharmacy. When the police opened the door of the automobile and the light inside the car turned on, the police saw two men, one of whom was defendant, lying on the rear floor. The weather was rainy, and all three men in the automobile had wet hair and clothing. Grass was clinging to their shoes and lower clothing. The car contained three sets of wet clothing, some tools, and two walkie-talkies. One of the tools found in the trunk was a screwdriver with a red substance on the tip. The police took scrapings of this substance and the red substance on the pharmacy's door.

· The following day, the police found additional tools, including a red crowbar, in a trailer in the yard next to the pharmacy. Footprints in the soil led back and forth between the trailer and the pharmacy, but the police were unable to make casts of the footprints. The owner of the neighboring property testified that the trailer belonged to her son's club and that she was not aware that her son's club kept tools in the trailer.

The state's expert witness testified that the red substance found on the door of the pharmacy was paint similar to that on the screwdriver and crowbar in the thickness, color, and texture. He could not say the substances were identical. A police officer identified defendant as one of two men who purchased a red Sears crowbar and two screwdrivers such as those in evidence a few days prior to the attempted burglary. The manager of a Sears store identified the red crowbar and one screwdriver as Sears merchandise. He also testified that the screwdriver's tip was bent and chipped. He testified that such wear was not from normal usage, that the steel was of a high grade and breaks off only if the screwdriver is ground and bent.

Our examination of the record does not reveal any necessity for invocation of the plain error rule. Rule 27.20(c); *State v. Stevens*, 529 S.W.2d 670, 671 (Mo.App.1975). The facts, circumstances, and reasonable inferences therefrom are sufficient to sustain the guilty verdict. The circumstances are all consistent with the hypothesis of defendant's guilt of the offense of attempted burglary in the second degree. The circumstances are inconsistent with every reasonable hypothesis of defendant's innocence; and while not conclusive, the circumstances need not demonstrate an absolute impossibility of innocence. *State v. White, supra* at 755[5]; *State v. Maxie*, 513 S.W.2d 338, 343[5] (Mo.1974). We conclude that the facts and circumstances shown by the evidence are sufficient, as a matter of law, if believed by the jury, to induce a belief of defendant's guilt beyond a reasonable doubt. *State v. White, supra* at 755[6].

We have reviewed, pursuant to Rule 28.-02, the sufficiency of the information, verdict, judgment and sentence—matters of record which require no assignment of error. The information is sufficient and the verdict is responsive to the offense charged. The sentence was within the statutory limits, allocution was granted, and the judgment is in the proper form. *State v. Nelson*, 526 S.W.2d 56, 57 (Mo.App.1975).

The judgment is affirmed.

CLEMENS, P. J., and WEIER, J., concur.