**STATE of Missouri, Plaintiff-Respondent,**

v.

**Cecil WOOD, a/k/a Loring F. Winters, Defendant-Appellant.**

**No. 10115.**

Missouri Court of Appeals, Springfield District.

Aug. 8, 1977.

Motion for Rehearing or to Transfer Denied Aug. 26, 1977.

John D. Ashcroft, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Henry S. Clapper, Monett, for defendant-appellant.

Before HOGAN, P. J., and NORTHERN and MOORE, Special Judges.

EUGENE E. NORTHERN, Special Judge.

Defendant-Appellant Cecil Wood, also known as Loring F. Winters, was tried under the Second Offender Act, § 556.280, V.A.M.S., on a charge of feloniously, burglariously and forcibly breaking and entering into the mobile home dwelling of James Adams and Sharon Adams, in which, at the time, was a human being; and was found guilty of such charge by the Lawrence County jury on July 10, 1975.

On July 10, 1975, after the verdict had been announced, the trial court inquired of

defendant's counsel if he desired to file a motion for new trial and if the motion for new trial could be filed so that it could be heard and argued on August 8, 1975, and counsel said, "Yes, I'll try to have it ready at that time." Thereafter, the Court said, "Mr. Clapper, if you can get the Motion for New Trial filed before August 8th and give me a copy of it at my office in Monett, it would help, and I can go over it before the motion is argued."

Thereafter, on July 10, 1975, the court made the following docket entry: "Court is advised that counsel wishes to file motion for new trial and is given 25 days to do so. Court sets argument on Motion for New Trial and/or sentencing for August 8, 1975, at 10:00 o'clock a. m."

Thereafter, on August 8, 1975, defendant-appellant filed his motion for new trial. The motion was filed four days out of time, the time for filing the motion having expired on August 4th, 25 days after date of jury verdict.

On August 8, 1975, evidence and arguments were heard on the motion for new trial and on August 13, 1975, the motion was overruled. Thereupon, the court sentenced the appellant to ten years in the custody of the Department of Corrections.

Since this motion for new trial was filed out of time, it was a nullity and nothing was preserved for appellate review. No timely request was made for extension of time in which to file a motion for new trial beyond the 25 days allowed by the court. The trial court was without jurisdiction to hear and rule upon the motion on August 8 or August 13, and could not extend the time after August 4, 1975.

The provisions of Rule 27.20(a), V.A. M.R., relating to the time for filing a new trial motion are mandatory, and the appellate court is bound to recognize the late filings *sua sponte*, and neither the court nor the parties can waive the rules requirement. *State v. Tucker*, 451 S.W.2d 91 (Mo.1970); *State v. Stevens*, 529 S.W.2d 670 (Mo.App. 1975); *State v. Smith*, 527 S.W.2d 455 (Mo. App.1975); *State v. Morse*, 526 S.W.2d 432 (Mo.App.1975).

We have reviewed, pursuant to Rule 28.-02, V.A.M.R., the sufficiency of the amended information, finding of the trial court that the Second Offender Act applied, the verdict, judgment and sentence, and find no error. Our examination of the record does not reveal any necessity for the invocation of the Plain Error Rule, Rule 27.20(c), V.A. M.R.

The judgment is affirmed.

HOGAN, P. J., and MOORE, Special Judge, concur.