STATE of Missouri, Respondent,

v.

Norvell EMORY, Appellant.

No. KCD 28956.

Missouri Court of Appeals, Kansas City District.

Feb. 27, 1978.

Clifford A. Cohen, Public Defender, Lee M. Nation, Asst. Public Defender, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

SOMERVILLE, Presiding Judge.

Defendant, charged with robbery in the first degree through the use of a dangerous and deadly weapon (Section 560.135, RSMo 1969), was tried to a jury and found guilty of stealing from the person (Section 560.-161, RSMo 1969). The jury assessed his punishment at four years imprisonment and this appeal followed.

A brief synopsis of the evidence will suffice as its sufficiency has not been questioned. During the early morning hours of November 15, 1975, the victim left his girl friend's home in Kansas City, Missouri. He was afoot. While en route to a cabstand he was accosted by defendant and an accomplice. Defendant, brandishing a pistol, ordered the victim to remove his jacket and shoes. During the encounter, defendant struck the victim with the pistol and knocked him to the ground. Defendant and his accomplice eventually relieved the victim of two silver rings, one man's leather jacket, two "platform" shoes, and one Timex watch.

A single point is pressed by defendant on appeal—error in admitting certain hearsay evidence proffered by the state as to the identity of defendant's accomplice. To defendant's chagrin, the single point has not been preserved for appellate review.

Chronologically, the guilty verdict in this case was returned by the jury on April 28, 1976. On May 26, 1976, with nothing in the record to show or suggest that defendant applied for or that the trial court granted additional time within which to do so, defendant filed a motion for new trial. Rule 27.20(a) provides, inter alia, that "[s]uch motion [motion for new trial] shall be filed before judgment *and within ten days after the return of the verdict: Provided, on application of defendant, the court may extend the time for filing such motion for an additional period of thirty (30) days:* Provided further, the court shall have no power to make another or further extension of the time for filing said motion." (Emphasis added.) Ergo, in view of the record in this case the motion for new trial was required to be filed "within ten days after the return of the verdict." Rule 27.20(a), supra.

The requirements of Rule 27.20, supra, relating to the time for filing a motion for new trial are mandatory and noncompliance therewith must be noticed sua sponte by this court as neither it nor the parties can waive the rule's requirements. *State v. Tucker,* 451 S.W.2d 91 (Mo.1970); *State v. Rapp,* 412 S.W.2d 120 (Mo.1967); *State v. Maddox,* 549 S.W.2d 931 (Mo.App. 1977); and *State v. Morse,* 526 S.W.2d 432 (Mo.App.1975). A tardily filed motion for new trial, as here (filed on the 28th day after the verdict was returned), is a nullity and preserves nothing for review. *State v. Richardson,* 519 S.W.2d 15 (Mo.1975); *State v. Brown,* 543 S.W.2d 796 (Mo.App.1976); and *State v. Morse,* supra.

The nature of the error constituting defendant's single point on appeal, even if it had substance, fails, by any stretch of legal imagination, to invite review under Rule 27.20(c), the "plain error" rule. Moreover, it fails to sufficiently relate to the

"sufficiency of the information or indictment, verdict, judgment and sentence" as to demand review under Rule 28.02 even though improperly raised or preserved. Tangentially, the areas of review mandated by Rule 28.02, supra, having been carefully perused, afford no relief to defendant.

Judgment affirmed.

All concur.