STATE of Missouri, Respondent,

v.

Ellis EATON, Appellant.

No. KCD 29189.

Missouri Court of Appeals, Kansas City District.

June 12, 1978.

Rehearing Denied July 3, 1978.

Thomas J. Cox, Jr., Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., Daniel Lyman, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

SOMERVILLE, Presiding Judge.

Defendant was charged by information with burglary, second degree, tried to a jury, found guilty as charged, and sentenced to eight years imprisonment.

No evidence was presented by or on behalf of defendant; hence, the following

facts stand uncontroverted. On the night of April 29, 1976, two members of the Kansas City, Missouri Police Department responded to an activated burglar alarm which was located in the Goodman Hardware Company building at 511 East 18th Street, Kansas City, Missouri. A realty company occupied the building immediately west of the Goodman Hardware Company building and the two shared a party wall. Upon arriving at the scene, the officers checked the Goodman Hardware Company building and found that all windows and doors affording entrance thereto were intact. A representative of the burglar alarm system arrived at the scene and admitted the officers to the Goodman Hardware Company building. Various items of hardware were found to have been scattered about. One of the officers observed a figure on an elevated catwalk disappear through a hole in the west wall of the building. Thereafter the interior lights were turned on, and a person, positively identified at the trial as the defendant, was discovered "crouching" in the rear of the building. Further investigation disclosed that the rear door of the building occupied by the realty company had been jimmied and access to the building occupied by Goodman Hardware Company had been made via the building occupied by the realty company and a freshly carved hole in the party wall. Fresh pry marks discovered on a safe belonging to Goodman Hardware Company indicated that an attempt had been made to spring the safe door. The building occupied by Goodman Hardware Company had been thoroughly checked at the close of business and all doors and windows were secure and there was no hole in the party wall at that time.

Chronologically, the guilty verdict was returned by the jury on September 28, 1976, but defendant's motion for new trial was not filed until November 5, 1976. The record is silent as to any application by defendant for an extension of time within which to file his motion for new trial, as well as to any grant of additional time by the trial court to defendant within which to file his motion for a new trial. Rule 27.-20(a) provides, inter alia, that "[s]uch motion [motion for new trial] shall be filed before judgment and within ten days after the return of the verdict: Provided, on application of defendant, the court may extend the time for filing such motion for an additional period of thirty (30) days: Provided further, the court shall have no power to make another or further extension of the time for filing said motion." There is no escape from the conclusion that under the record in this case defendant's motion for new trial, in order to have been timely, had to have been filed "within ten days after the return of the verdict." Rule 27.20(a), supra. Compliance with Rule 27.20(a) is mandatory, and noncompliance is a matter to be noticed sua sponte by this court as neither it nor the parties can waive strict compliance. *State v. Tucker*, 451 S.W.2d 91 (Mo.1970); *State v. Rapp*, 412 S.W.2d 120 (Mo.1967); *State v. Emory*, 563 S.W.2d 120 (Mo.App.1978); and *State v. Maddox*, 549 S.W.2d 931 (Mo.App.1977). A motion for new trial filed out of time, as here (on the 47th day after the jury returned its verdict), is deemed a nullity and preserves nothing for appellate review. *State v. Richardson*, 519 S.W.2d 15 (Mo.1975); *State v. Emory*, supra; and *State v. Brown*, 543 S.W.2d 796 (Mo.App.1976).

Whether defendant's failure to comply with Rule 27.20(a), supra, turns out to be the nemesis of his four points raised on appeal, depends on whether part or all of the points can be saved for appellate review by either the "plain error" rule, Rule 27.-20(c)[1], or the mandatory review provisions of Rule 28.02[2].

1. "27.20(c) Plain errors affecting substantial rights may be considered on motion for new trial or on appeal, in the discretion of the court, though not raised in the trial court or preserved for review, or defectively raised or preserved,

when the court deems that manifest injustice or miscarriage of justice has resulted therefrom."

2. See note 2 on page 544.

Defendant's points on appeal are as follows: (1) defendant was deprived of an "impartial trial, due process and equal protection of law in violation of the Sixth and Fourteenth Amendments to the Constitution of the United States" by reason of the exclusion of all blacks from the petit jury finally selected to try defendant by the state's use of its peremptory challenges; (2) the information failed to charge defendant with a proscribed offense because it contained no allegation that defendant entered the building occupied by Goodman Hardware Company "with the intent to steal goods or merchandise stored therein"; (3) the trial court erred in overruling defendant's motion for acquittal at the close of all the evidence because the state failed to "prove beyond a reasonable doubt" that defendant burglariously entered the Goodman Hardware Company building "with the intent to commit a felony therein"; and (4) defendant was denied "a fair trial and due process of law as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution" because the state "deliberately suppressed the existence of fingerprints and photographs takened [sic] at the scene of the alleged offense."

■ Under the prevailing case law of this state issues with constitutional dimensions may be addressed and disposed of on appeal as "plain error" under Rule 27.20(c). *State v. Hammonds*, 459 S.W.2d 365, 369 (Mo.1970); *State v. Coyne*, 452 S.W.2d 227, 228 (Mo.1970); and *State v. Meiers*, 412 S.W.2d 478, 480–81 (Mo.1967). Points one and four relied on by defendant, although not preserved for appellate review, will be dealt with under the auspices of the "plain error" rule, Rule 27.20(c), in view of their constitutional tone.

■ Point three, which freely lends itself to being construed as an attack upon the sufficiency of the evidence, is likewise amenable to being reviewed on appeal as "plain error" under Rule 27.20(c). *State v. White*,

439 S.W.2d 752, 753 (Mo.1969); and *State v. McClunie*, 438 S.W.2d 267, 268 (Mo.1969).

■ Point two will be reviewed under the mandatory review provisions of Rule 28.02, supra, since it challenges the sufficiency of the information to charge defendant with a proscribed offense.

■ Defendant's insistence that he was deprived of an impartial trial, due process and equal protection of law in violation of the Sixth and Fourteenth Amendments to the Constitution of the United States by reason of the exclusion of all blacks from the petit jury by the state's use of its peremptory challenges parrots a frequently asserted claim of error. Although the record bears out defendant's contention that three black persons were on the venire panel and that the state struck all three by use of its peremptory challenges, no claim was made by defendant, and no apposite evidence was offered by him with respect thereto, that the state had or did "systematically" use its peremptory challenges to exclude all blacks from petit juries in "case after case". Having failed to allege or prove a systematic pattern of exclusion of black veniremen as petit jurors by the state by use of its peremptory challenges, defendant has failed to raise a claim partaking of such "added significance" as to rise to a justiciable constitutional issue in the sense spoken of in *Swain v. Alabama*, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965). *State v. Williams*, 535 S.W.2d 128 (Mo.App. 1976); and *State v. Jacks*, 525 S.W.2d 431 (Mo.App.1975).

■ Defendant's second point charges that the information was faulty in that it failed to allege that defendant broke and entered the Goodman Hardware Company building "with the intent to steal goods and merchandise stored therein". Suffice it to say, a reading of the information charging defendant with the offense of burglary, second degree, as proscribed by Sec. 560.-

---

**2.** "28.02 . . . Allegations of error respecting the sufficiency of the information or indictment, verdict, judgment and sentence shall be

considered upon an appeal although not raised in the trial court or preserved for review."

070, RSMo 1969, without resort to any verbal gymnastics or exercise in semantics, discloses that the information, after alleging all other essential and necessary elements of the charged offense, specifically charged that defendant broke into and entered the Goodman Hardware building "with felonious intent the said goods, wares, merchandise and valuable things in the said building then and there being then and there unlawfully, feloniously and burglariously to steal . . .". Grammatical nicety in the drafting of an information is not of paramount concern, as poor draftmanship will not render an information fatally defective so long as it states the essential facts of the offense and adequately notifies defendant of the charge against him. *Hodges v. State*, 462 S.W.2d 786, 789 (Mo.1971); and *State v. Adams*, 546 S.W.2d 550, 552 (Mo. App.1977). A similarly worded information withstood a comparable attack in *State v. Taylor*, 136 Mo. 66, 37 S.W. 907, 908 (1896), *rev'd on other grounds.*

■ Defendant next claims that the state did not "prove beyond a reasonable doubt that defendant forcibly broke and entered the Goodman Hardware Company building with the intent to commit a felony therein." It is neither the function nor prerogative of an appellate court to weigh the evidence to determine whether a charge has been proven beyond a reasonable doubt. *State v. Crawley*, 478 S.W.2d 344, 345 (Mo.1972); *State v. Achter*, 514 S.W.2d 825, 826 (Mo. App.1974); and *State v. Sherrill*, 496 S.W.2d 321, 322 (Mo.App.1973). The scope of its review extends only to a determination of whether sufficient substantial evidence exists to support the verdict. *State v. Crawley*, supra; *State v. Achter*, supra; and *State v. Sherrill*, supra. Notwithstanding defendant's poor choice of words in several respects, this court, giving defendant the benefit of the doubt, will construe his third point as challenging the sufficiency of the evidence to support a finding by the jury that he forcibly broke and entered the Goodman Hardware Company building "with the intent to steal".[3] In this perspective, the following becomes apropos. The breaking and entering of a building where goods and merchandise are kept is alone sufficient to prove the requisite intent to steal. *State v. Massey*, 542 S.W.2d 88, 90 (Mo.App.1976). But even more exists in the present case to support a finding by the jury that the defendant broke and entered the Goodman Hardware Company building with intent to steal. The safe in the hardware store showed evidence of fresh pry marks, there were crowbars and screwdrivers lying in the immediate vicinity of the safe, and numerous items of merchandise were disarranged when the officers entered the building. Thus, far more than a paucity of evidence existed to support a finding by the jury that defendant broke into and entered the Goodman Hardware Company building with the intent to steal.

■ By way of his fourth and final point, defendant contends he was denied a fair trial and due process of law (as guaranteed by the Sixth and Fourteenth Amendments to the Constitution of the United States) in the context of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The gravamen of this charge rests on certain evidence drawn out by defense counsel on cross-examination of one of the police officers who responded to the activated burglar alarm. More particularly, during defense counsel's cross-examination of the referred to police officer it was disclosed that a "lab crew" from the Kansas City Police Department appeared at the scene and took photographs of the "hole in the wall" and of the "safe", "dusted areas"

**3.** Section 560.070, RSMo 1969: "*Burglary involving breaking and entering enclosures besides dwelling places*

Every person who shall be convicted of breaking and entering any building, the breaking and entering of which shall not be declared by any statute of this state to be burglary in the first degree, or any booth or tent, or any boat or vessel, or railroad car in which there shall be at the time any human being or any goods, wares, merchandise or other valuable thing kept or deposited, with the intent to steal or commit any crime therein, shall, on conviction, be adjudged guilty of burglary in the second degree."

from which fingerprints "possibly might be lifted", and took charge of "the physical evidence" at the scene. Defense counsel made no effort during cross-examination to discover the identity of the members of the "lab crew" who took the photographs and dusted for fingerprints, or to ascertain the present whereabouts of any resultant tangible items, if any, derived therefrom or any results obtained from any such tangible items. Nor did defendant, according to the record, avail himself of Rule 25.32 to obtain pre-trial discovery of the presently complained of photographs and fingerprints. Anomalously, defendant does not allege or contend that any discernible fingerprints were lifted, or, if discernible fingerprints were lifted, whose they were. Nor does he contend that any photographs which were taken or any fingerprints which were lifted would tend to negate his guilt of the charged offense, mitigate the degree of the offense charged, or reduce the punishment. Two glaring omissions on defendant's part, one pragmatic and one legal, pervade defendant's fourth and final point—a failure on his part to offer any proof (1) that the state suppressed any fingerprints or photographs or (2) that he requested their disclosure. The record shows the opposite with respect to both. There is nothing in the record whatsoever that hints or suggests that the state suppressed or withheld any evidence from defendant which would tend to negate his guilt of the charged offense, or which would mitigate the degree of the offense, or reduce the punishment. More to the point, there is not a whit of evidence that defendant, either before or during trial, requested disclosure as to the whereabouts or substance of the presently complained of photographs and fingerprints. As held in *Brady v. Maryland*, 373 U.S. at 87 and 83 S.Ct. at 1196–97, "the suppression by the prosecution of evidence favorable to an accused *upon request* violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." (Emphasis added.) The "combination" for unlocking a constitutional issue in the context of *Brady v. Maryland*, supra, is a request by an accused for certain evidence within the control of the state and its suppression by the latter. The evidence presented by the state at the instant trial was straightforward and clean-cut. Defendant, literally speaking, was caught red-handed inside the Goodman Hardware Company building under the abnormal conditions and circumstances shown by the evidence. Photographs or fingerprints were obviously superfluous as far as the state was concerned, and deemed totally unnecessary by the state to sustain its burden of proof. It is apparent that the state chose to shorten presentation of its case by the simple expedient of presenting only the oral testimony of its key witnesses. Parenthetically, the state was under no duty or compulsion to search for fingerprints. *State v. Wiggley*, 515 S.W.2d 791, 792 (Mo.App. 1974). In conclusion, the facts presented by this case do not raise an issue of unconstitutional suppression of evidence within the ambit of *Brady v. Maryland*, supra.

Judgment affirmed.

All concur.