THE STATE v. HANG TONG, *Appellant*.

Division Two, May 2, 1893.

Criminal Law: AIDING AND ABETTING ASSAULT TO KILL: INDICTMENT.
An indictment charging one with aiding and abetting another in an assult with intent to kill is fatally defective if it fails to allege that he "feloniously" aided and abetted in the crime.

*Appeal from St. Louis Criminal Court.*—HON. G. A. CASTLEMAN, Judge.

REVERSED.

*Thos. B. Harvey* for appellant.

(1) There must be a wrongful and felonious purpose in the mind of the accessary before he can be convicted. *State v. Hollenscheit*, 61 Mo. 302; *State v. Hickam*, 95 Mo. 322.   (2) The indictment should allege that the defendant "then and there feloniously was present, aiding, abetting and assisting the said," etc. 1 Bishop Criminal Procedure, sec. 535; 2 Bishop Procedure, sec. 5; 1 Wharton Prec. & Pleas, 97; *State v. Doyle*, 107 Mo. 36; *State v. Clayton*, 100 Mo. 516.

*R. F. Walker*, Attorney General, for the state.

The second count of the indictment under which this defendant was tried and convicted is insufficient, in that it fails to charge that defendant was *feloniously* "present, aiding and abetting, advising and counseling" his principal in the commission of the felony. The omission of this necessary allegation is fatal, and the cause must be reversed. Revised Statutes 1889, secs. 3489, 3944; *State v. Clayton*, 100 Mo. 516.

GANTT, P. J.—The defendant was indicted by the grand jury in the city of St. Louis for aiding and abetting Lee Qua Leang in an assault with intent to kill Jew Gung and Low Back, on the seventeenth of April, 1892. He was convicted and sentenced to the penitentiary for three years.

The indictment is in words and figures as follows:

"STATE OF MISSOURI ⎫ ss.   "St. Louis Criminal Court,
"City of St. Louis  ⎭         July Term, 1892.

"The grand jurors of the state of Missouri within and for the body of the city of St. Louis, now here in court, duly empaneled, sworn and charged, upon their oath present, that Lee Qua Leang, late of the city of St. Louis aforesaid, and state aforesaid, on the seventeenth day of April, in the year of our Lord one thousand eight hundred and ninety-two, at the city of St. Louis aforesaid with force and arms in and upon one Jew Gung and Low Back, feloniously, willfully, on purpose and of his malice aforethought did make an assault, and the said Lee Qua Leang with a certain weapon, to-wit, a pistol loaded with gunpowder and leaden balls—then and there, feloniously, willfully, on purpose and of his malice aforethought, did shoot off, at, against and upon said Jew Gung and Low Back, in and upon the body of each of them, the said Jew Gung and Low Back, with the pistol aforesaid, one wound, with the intent then and there them, the said Jew Gung and Low Back, feloniously, willfully, on purpose and of his malice aforethought to kill.

"And the grand jurors aforesaid, upon their oaths aforesaid, do further present that Hang Tong, late of the city of St. Louis aforesaid, was then and there present, aiding and abetting, advising and counseling the said Lee Qua Leang the offense and felony aforesaid to do and commit, contrary to the form of the

statute in such cases made and provided, and against the peace and dignity of the state.

"A true bill.                              WILLIAM ZACHRITZ,
                              "Assistant Circuit Attorney.

"J. B. LUCAS, Foreman."

The defendant in his motion in arrest of judgment, insists that the indictment is insufficient, in that it fails to charge that this defendant was *feloniously* present, aiding and abetting the felony, alleged to have been committed by Lee Qua Leang. The point is well taken. *State v. Clayton*, 100 Mo. 516; *State v. Doyle*, 107 Mo. 36; *State v. Feaster*, 25 Mo. 326; *State v. Davis*, 29 Mo. 396.

The attorney general concedes the indictment is wanting in this respect. The judgment is reversed, and the prisoner ordered discharged from further prosecution on this indictment. All concur.