**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Chester GOODSON, Defendant-Appellant.**

**No. 38500.**

Missouri Court of Appeals,
St. Louis District,
Division One.

Sept. 27, 1977.

Motion for Rehearing and/or Transfer
Denied Nov. 14, 1977.

---

**3.** This apparently had reference to a television commercial depicting a Madison County Sheriff.

Robert C. Babione, Public Defender, Christelle Adelman-Adler, William W. Brown, St. Louis, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Chief Counsel, Criminal, Paul Robert Otto, Jeffrey W. Schaeperkoetter, Jefferson City, for plaintiff-respondent.

SMITH, Judge.

Defendant appeals from his conviction by a jury of assault with intent to kill with malice and his resultant sentence by the court of 12 year's confinement.

On appeal defendant raises only one point, that the judgment must be set aside because defendant was denied effective assistance of counsel. This point is supported by sixteen alleged failures of defendant's counsel. The point now presented was not included in defendant's motion for new trial (obviously because that document was prepared by defendant's trial counsel), and defendant seeks review of the point under the plain error rule. Rule 27.20(c).

Review upon direct appeal of a claim of ineffective assistance of counsel may be made only "where the record develops facts essential to 'a meaningful review' of that point." *State v. Burns,* 537 S.W.2d 860 (Mo.App.1976) [4, 5]. *See also State v. Phillips,* 460 S.W.2d 567 (Mo.1970) [3]; *State v. Greathouse,* 519 S.W.2d 299 (Mo.App.1975) [6].

We do not find the record here sufficiently developed to allow such review. We need not deal with each of the claimed failures of defendant's trial counsel. Some of the actions or inactions of counsel appear superficially questionable, but we cannot say as a matter of law that they were improper or inadequate. The thrust of the defense was that defendant did fire two shots from a gun, not at the victim, but into the air to scare the victim who was advancing toward defendant's car with a brick in each hand. The case turned upon the head on head conflict between the testimony of the victim and that of defendant. Whether, under those circumstances, it was ineffective, for instance, for counsel to fail to seek to suppress the gun fired because of a possibly illegal search can only be determined after a full hearing in which counsel has an opportunity to explain his actions.

We have examined the record as required by Rule 28.02 and find no error. Nothing stated herein shall be deemed to preclude or limit further proceedings pursuant to Rule 27.26.

Judgment affirmed.

CLEMENS, P. J., and DOWD, J., concur.