STATE of Missouri, Respondent,

v.

Charles E. LARRABEE, Appellant.

No. KCD29360.

Missouri Court of Appeals, · Kansas City District.

Oct. 2, 1978.

Jeffery L. Alena, Gepford & Sears, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

PER CURIAM.

Defendant, charged as a second offender, was tried to a jury for the crime of robbery in the first degree by means of a dangerous and deadly weapon (Sec. 560.120, RSMo 1969 and Sec. 560.135, RSMo Supp.1975), found guilty, and sentenced by the court to twenty years imprisonment in the Missouri Department of Corrections.

Synopsized, the evidence discloses that defendant was positively identified by the victim and his son as the person who robbed him at gunpoint on the evening of January 16, 1976, and relieved him of one hundred sixty dollars. Defendant has not challenged the sufficiency of the evidence to sustain his conviction, and it is self-evident why he has not done so.

A single point is pressed by defendant on appeal—error in not granting a new trial because of ineffective assistance of counsel, all in contravention of defendant's right to the assistance of counsel as guaranteed by the Sixth Amendment to the Constitution of the United States and Art. I, § 18(a) of the Missouri Constitution (1945). For reasons hereinafter noted, defendant's single point has not been preserved for appellate review.

▪ Chronologically, the guilty verdict in this case was returned by the jury on October 5, 1976. Defendant filed a motion for new trial on November 5, 1976, absent any record entry showing or suggesting that he applied for and the trial court granted additional time within which to do so. Rule 27.20(a), so far as here apropos, provides that "[s]uch motion [motion for new trial] shall be filed before judgment *and within ten days after the return of the verdict: Provided, on application of defendant, the court may extend the time for filing such motion for an additional period of thirty (30) days:* Provided further, the court shall have no power to make another or further extension of the time for filing said motion." (Emphasis added.) The transcript on appeal in this case fails to contain or mention any record entry that defendant applied for and was granted additional time within which to file his motion for new trial. Ergo, the record on appeal leaves this court no choice but to conclude that defendant's motion for new trial was required to be filed "within ten days after the return of the verdict", Rule 27.20(a), supra, which was not done. If defendant applied for and the trial court granted defendant an extension of time to file his motion for new trial it was incumbent upon him to see that any record entry doing so was included in the transcript on appeal. Rule 81.12(a), as made applicable by Rule 28.18; *Jackson v. State,* 514 S.W.2d 532 (Mo.1974). Defendant's failure to preserve the single point now pressed on appeal, on the precise ground hereinabove set forth, was specifically raised by the state in its brief. Notwithstanding notice given by the state's brief, defendant, to date, has never sought leave pursuant to Rule 81.12(c) to file a supplemental transcript if, in fact, an application for and an extension of time was granted by the trial court for defendant to file his motion for new trial. Defendant's continuing reliance on the transcript on appeal as originally filed in this case buttresses the conclusion that additional time within which to file a motion for new trial was never applied for by defendant or granted by the trial court.

▪ The requirements of Rule 27.20(a), supra, pertaining to the time for filing motions for new trial, are mandatory and noncompliance therewith must be noticed on appeal, sua sponte if not raised by an oppos-

ing party, as neither the courts nor the parties can waive the requirements of the rule. *State v. Tucker*, 451 S.W.2d 91 (Mo. 1970); *State v. Rapp*, 412 S.W.2d 120 (Mo. 1967); *State v. Maddox*, 549 S.W.2d 931 (Mo.App.1977), and *State v. Morse*, 526 S.W.2d 432 (Mo.App.1975). Defendant's tardily filed motion for new trial (filed on the 30th day after the verdict was returned) was a nullity and preserved nothing for appellate review. *State v. Richardson*, 519 S.W.2d 15 (Mo.1975); *State v. Brown*, 543 S.W.2d 796 (Mo.App.1976), and *State v. Morse*, supra.

 The issue embroiled in defendant's single point on appeal, ineffective assistance of counsel, even if properly preserved for appeal, is ordinarily relegated to disposition by way of a postconviction motion pursuant to Rule 27.26 to vacate the judgment and sentence. *State v. Lindley*, 545 S.W.2d 669 (Mo.App.1976). Exceptions to this accepted principle, and consideration of claims of ineffective assistance of counsel on direct appeal, are narrowed to those infrequent instances where the records on appeal disclose that sufficient facts essential to a meaningful review of the issue have been developed. *State v. McQueen*, 431 S.W.2d 445 (Mo.1968). The crux of defendant's charge of ineffective assistance of counsel at the trial level is twofold: (1) trial counsel's failure to investigate or call purported exculpatory witnesses about whom defendant says he timely advised trial counsel; and (2) trial counsel's failure to file a motion to suppress or otherwise object to defendant's identification by the victim and his son. Trial counsel was never called as a witness or otherwise afforded an opportunity to be heard on the twofold charge of ineffective assistance. The only input below as to whether trial counsel was ever notified of the existence and identity of the purported exculpatory witnesses, and as to whether trial strategy was or was not involved in trial counsel's failure to file a motion to suppress or otherwise object to defendant's identification by the victim and his son, came solely from defendant.

Ineffective assistance of counsel is a serious charge to level against a lawyer and, if he is available, as here, one on which he should be heard in order to judicially resolve the charge. When, on direct appeal, as here, trial counsel, although available, was never afforded an opportunity to be heard, it is difficult to perceive how it can be said that the record presented on appeal discloses that sufficient facts essential to a meaningful review of the issue were developed.

All areas of review mandated by Rule 28.02 have been carefully considered and no error within the purview of the rule has been found.

Judgment affirmed.