### STATE of Missouri, Plaintiff-Respondent,

v.

### Nelson Eugene BARKWELL, a/k/a Don Barkwell, Defendant-Appellant.

#### No. 10913.

Missouri Court of Appeals, Southern District, Division One.

Oct. 25, 1979.

Motion for Rehearing or to Transfer Denied Nov. 13, 1979.

94

David V. Bear, III, Bear, Hines & Thomas, Columbia, for defendant-appellant.

John Ashcroft, Atty. Gen., Brenda Farr Engel, Paul Robert Otto, Asst. Attys. Gen., Jefferson City, for plaintiff-respondent.

FLANIGAN, Chief Judge.

Each count of the eight-count information charged defendant Barkwell with the offense of stealing. § 560.156.[1] A jury found defendant not guilty of the charges contained in the first three counts and guilty of the charges contained in Counts IV, V, VI, VII, and VIII and fixed the punishment at two years' imprisonment on each of the latter counts. The judgment and sentence of the trial court directed that the sentences run consecutively. Defendant appeals.

Defendant does not challenge the sufficiency of the evidence to support the verdict and a brief summary is sufficient. In 1976, the year of the offenses, Joann Brown was the treasurer of Newton County. She

1. Unless otherwise indicated all references to rules are to Missouri Rules of Court, V.A.M.R., and all references to statutes are to RSMo 1969, V.A.M.S.

became acquainted with defendant through a "lonely hearts club" of which she was a member. The acquaintanceship proved financially disastrous for Miss Brown. After she had given defendant approximately $50,000 of her own assets, he induced her, by threats, to write unauthorized checks on the bank account in which the county funds were deposited. She turned over to defendant the proceeds of each check.

Count IV of the information is set out below.[2] The other four counts on which defendant was found guilty were essentially the same as Count IV except that each of them dealt with a different check drawn on a subsequent date in 1976 and alleged that the acts of the defendant, set forth in the second paragraph of each count, took place on a stated date shortly before the date the respective check was drawn by Miss Brown. The checks were in the respective amounts of $301.07 (Count V), $50.00 (Count VI), $588.11 (Count VII) and $588.11 (Count VIII).

■ The verdict of the jury was returned on October 25, 1977. Defendant filed a motion for new trial on November 9, 1977. The motion was not timely for the reason that it was not filed "within ten days after the return of the verdict" and the record fails to show that the defendant applied for, or that the trial court granted, an extension of time for filing the motion. Rule 27.20(a). *State v. Larrabee*, 572 S.W.2d 250, 251[2] (Mo.App.1978); *State v. Eaton*, 568 S.W.2d 541, 543 (Mo.App.1978). If a motion for new trial is not filed within the time prescribed by Rule 27.20(a) this court, sua sponte, must take notice of that fact; fur-

ther, the motion, being untimely, is a nullity and preserves nothing for appellate review. *State v. Larrabee*, supra, 572 S.W.2d at 252[3].

One of defendant's three "points relied on" challenges the ruling of the trial court with respect to the admissibility of certain evidence. That assignment of error need not be considered for the reason that it has not been preserved for appellate review.

■ Defendant's other two points challenge, respectively, the propriety of the action of the trial court in permitting the state to amend the information and the sufficiency of the information. The latter point must be considered on appeal "although not raised in the trial court or preserved for review." Rule 28.02. It is at least arguable that the former point has not been preserved for appellate review but these two points are so interlocked that this court has concluded to consider the former, as well as the latter, on its merits. Rule 27.20(c).

■ Defendant's first point is that the trial court erred in permitting the state to amend the information at the close of the state's evidence. The record shows that at that stage of the trial the prosecutor made the following statement: "I am going at this time to request, under Rule 24.02, that the information be amended, as I filed, not so it changes the charge at all, only to show the statute numbers which the Revised Statutes show he has violated those statute numbers, in addition to the one already on

2.                    "COUNT IV

"Comes now Steve Lampo, Prosecuting Attorney of Newton County, Missouri and informs the Court that on or about the 1st day of July, 1976 Joann Brown did unlawfully, willfully and feloniously steal, take and carry away personal property in the charge of Newton County, Missouri, to-wit: $301.07, lawful currency of the United States of America, by drawing Newton County, Missouri General Revenue Fund Check No. 1281 dated June 30, 1976, payable to herself, (sic) Joann Brown, for the amount described hereinabove on the general revenue fund account of Newton County, Missouri and by cashing the same, receiving

the funds therefrom for her personal use and benefit, all without the consent of Newton County, Missouri, contrary to the form of the statutes in such cases made and provided, and that

"On or about the 30th day of June, 1976, in the County of Newton, State of Missouri, NELSON EUGENE BARKWELL, a/k/a DON BARKWELL, abetted, counseled, commanded or encouraged and thereby directly contributed to bring about the commission of the aforesaid acts, contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the state."

the information,[3] 560.156, 560.161. Section 560.156, Judge, which is the statute having to do with the crime of stealing, and section 560.161, which is the statute which discusses punishment."

The amendment, which the court permitted and which is the target of defendant's first point, consisted of showing on the face of the information "the section of the Revised Statutes of Missouri which proscribes the conduct charged" and "the section of the statutes which fixes the penalty or punishment therefor." Rule 24.01(a).

"The court may permit an information to be amended . . . at any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced." Rule 24.02.

The record discloses that prior to the commencement of the trial defendant was aware of the fact that his conviction could result in imprisonment in the penitentiary. Before the voir dire examination of the veniremen was conducted defense counsel placed defendant on the stand and elicited testimony from him to the effect that the defendant preferred not to testify before the jury. Further questioning by his own counsel elicited testimony from the defendant to the effect that there had been some plea bargaining with the prosecutor but that defendant decided that "I do not want to plead guilty and I do not want to accept his offer of *penitentiary* time."

The challenged amendment made no change in the facts alleged in the five counts under consideration. The amendment did not charge an additional or different offense. There is no showing of prejudice to the substantial rights of defendant. Under these circumstances the trial court did not err in permitting the amendment. "The amendment merely correctly and sufficiently charges the offense attempted to be charged in the original information." *Johnson v. State*, 485 S.W.2d 73, 75[1] (Mo. 1972). See also *State v. Morris*, 470 S.W.2d 467, 469[2] (Mo.1971); *State ex rel. Lodwick v. Cottey*, 497 S.W.2d 873, 881[10, 11] (Mo. App.1973).

Defendant's first point has no merit.

■ Defendant's second point is that each of the five counts upon which the guilty verdict was returned is fatally defective. If the contention is a valid one, the defect is jurisdictional.[4]

"The defendant in a criminal case has a right to demand the nature and cause of the accusation, and the indictment or information must be sufficiently definite to enable him to prepare his defense and to constitute a bar to further prosecution for the same offense. Art. 1, § 18(a), Constitution of Missouri 1945, V.A.M.S." *State v. Tandy*, 401 S.W.2d 409, 412 (Mo.1966).

The alleged deficiency in Count IV (and in the companion counts) to which defendant alludes is that it fails to use the word "feloniously" to describe the conduct[5] of defendant ("abetted, counseled, commanded or encouraged, and thereby directly contributed to bring about the commission of the aforesaid acts . . . .") contained in the second paragraph of that count.

---

**3.** The statute number "already on the information" was § 556.170, which reads:

"Every person who shall be a principal in the second degree in the commission of any felony, or who shall be an accessory to any murder or other felony before the fact, shall, upon conviction, be adjudged guilty of the offense in the same degree, and may be charged, tried, convicted and punished in the same manner, as the principal in the first degree."

**4.** " 'There can be no trial, conviction or punishment for a crime without a formal and sufficient accusation.' *State v. McKinley*, 341 Mo. 1186, 111 S.W.2d 115, 118 (1937). A court is

without jurisdiction to try a person for an offense unless the offense has been charged by information or indictment." *State v. Handley*, 585 S.W.2d 458, 461 (Mo.1979).

**5.** Defendant does not challenge the sufficiency of the information on the ground that it does not set forth the particulars of his conduct.

"[A]n accessory before the fact may be indicted as though he were the principal, without setting out the facts by which he aided and abetted, or advised and procured, the commission of the crime.' " (Citing authorities) *State v. Lemon*, 504 S.W.2d 676, 683 (Mo.App.1973).

The authority upon which defendant principally relies is *State v. Vonderau*, 438 S.W.2d 271 (Mo. banc 1969). In that case the supreme court held an indictment to be fatally defective where it charged defendant with willfully striking a police officer but failed to charge that the striking was done "feloniously." The court quoted, with approval, prior cases stating the following principles: "The word 'feloniously' is indispensably necessary in all indictments for felonies; whether statutory or by common law, . . . [T]here is no exception to the necessity of its [the word 'feloniously'] use in Missouri in any indictment or information where the offense charged is a felony . . . . [T]he word 'felony' . . . is held to mean any offense for which the accused may, upon conviction, be imprisoned in the penitentiary, although the minimum punishment for same may be a jail sentence or a fine. * * * [T]he use of the word 'feloniously' is necessary for the very sufficient reason that its use informs the accused of the nature or grade of crime he is alleged to have committed. . . ."

The court also stated at p. 273: "This Court has consistently held that the use of the word 'feloniously' in an indictment is fundamental and essential to its validity. The indictment is fatally defective for failure to allege that the act in question was 'feloniously' done. The case must be reversed and remanded for new trial."

It should be noted that Count IV contains the word "feloniously" in its first paragraph where the conduct of Joann Brown was described. The validity of defendant's second point hinges upon the significance of the fact that the word does not appear in the second paragraph of that count.

A case not cited by either side but which bears striking resemblance to the case at bar is *State v. Hang Tong*, 115 Mo. 389, 22 S.W. 381 (1893). There the defendant was charged with aiding and abetting one Lee in an assault with intent to kill two victims. The indictment, in addition to its formal portions, charged that Lee "with force and arms, in and upon [the victims] *feloniously*, willfully, on purpose, and of his malice aforethought, did make and assault, and the said [Lee], with a certain weapon, to wit, a pistol loaded with gunpowder and leaden balls, then and there, *feloniously*, willfully, on purpose, and of his malice aforethought, did shoot off, at, against, and upon [the victims] . . . with the pistol aforesaid, one wound, with the intent, then and there, them [the victims] *feloniously*, willfully, on purpose, and of his malice aforethought, to kill." The remaining portion of the indictment, charging the conduct of the defendant, alleged that the defendant "was then and there present, aiding and abetting, advising and counseling, the said [Lee] the offense and *felony aforesaid* to do and commit, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state."

In holding the indictment to be fatally defective the supreme court pointed out that "it fails to charge that this defendant was *feloniously* present, aiding and abetting the felony alleged to have been committed by [Lee]."

The soundness of the decision in *Hang Tong*, supra, may be open to question. If A is charged with doing an act "feloniously" and if B is charged with "aiding and abetting, advising and counseling" the commission of A's act, does it not follow [6] that the conduct of B is equally felonious as that of A? A requirement that B's conduct be separately branded as felonious seems to place a premium upon unnecessary repetition.

In *Sweazea v. State*, 515 S.W.2d 499 (Mo. banc 1974), a proceeding under Rule 27.26 to vacate a sentence, the court mentioned, but specifically refrained from deciding, the "interesting question" of whether the fact that the information contained a citation to the statute which itself made the misconduct a felony would "dispense with the necessity of using the word 'feloniously.'" This court is now confronted with that question.

---

6. See § 556.170 quoted in footnote 3. As previously mentioned, the section number of that statute was on the information when originally filed.

The information in the case at bar was filed on March 9, 1977. At that time Rule 24.01 read, in pertinent part:

"(a) The indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged. It shall also contain on the face thereof the section of the Revised Statutes of Missouri which proscribes the conduct charged, the section of the statutes which fixes the penalty or punishment therefor, and the name and degree, if any, of the offense. . . . .

"(b) All indictments or informations which are substantially consistent with the forms of indictments and informations which have been or will be approved by this court shall be deemed to comply with the requirements of rule 24.01(a)."

The pre-1977 version of Rule 24.01 did not require an information to contain, on its face, the citation to the statute proscribing the conduct charged or to the statute fixing the penalty and punishment therefor. The instant information, as amended, met those requirements.[7] The issue is whether the information, so amended, is defective because it does not include the word "feloniously" to describe defendant's conduct.

In *State v. Harris*, 313 S.W.2d 664, 669[4] (Mo.1958) the court said: "The word 'felonious' is generally employed to classify offenses and is not a distinct element of the crime. It is descriptive of the grade of the offense rather than the criminal act which constitutes the offense." The court also referred to the word as a "generic term."

This court has found no case dealing with the precise point under consideration. It is, however, touched upon by Judge Orville Richardson in his article entitled "Pattern Criminal Indictments, Informations and Jury Instructions for Missouri—Some Footnotes For a Treatise."[8]

In discussing the general format of MACH–CR forms, Judge Richardson, at p. 18, says:

"The forms faithfully follow the directions of Rule 24.01(a). Except for the caption, signature, verification and list of endorsed witnesses, all necessary matters are contained in the body of the charge. Thus, each form names the offense charged, describes it as a felony, misdemeanor or infraction and designates its classification, cites the statute violated and the statute or statutes where the range of punishment may be found, refers to a particular time and venue, and then proceeds to charge the offense. *The word 'feloniously,' formerly necessary, has been dropped because the offense is named as a felony when that is its classification.*"[9] (Emphasis added.)

The instant information was filed and amended prior to January 1, 1979, the effective date of MACH–CR.

A "felony" is an offense for which the accused may, upon conviction, be imprisoned in the penitentiary, although lesser punishments may also be possible. *State v. Vonderau*, 438 S.W.2d 271, 272 (Mo. banc 1969); § 556.020, since repealed. The inclusion in the instant information of the citations to § 560.156 and 560.161, in view of the fact that "the value of the property stolen is at least $50," § 560.161, subd. 1(2), in each count, had the effect of informing the defendant (and he already had that knowledge prior to the amendment of the information) that the offenses charged were punishable by imprisonment in the penitentiary as well as by alternate lesser punishments. In these circumstances, to hold that the information was fatally defec-

---

7. In *State v. Tierney*, 584 S.W.2d 618 (Mo.App. 1979) the court held that an information, filed after Rule 24.01 was amended on January 1, 1977, but before the adoption of Missouri Approved Charges—Criminal [MACH–CR] on January 1, 1979, was sufficient although it did not cite the statute proscribing the conduct charged but did cite the statute fixing the penalty or punishment therefor.

8. Journal of the Missouri Bar, Jan.-Feb. 1979, Vol. 35, No. 1, p. 13, et seq.

9. Note 3 of the Notes on Use to MACH–CR 2.10 reads, in pertinent part: "The forms charge the type of crime and allege that the conduct violates the law. Therefore the words "feloniously" and "unlawfully" are omitted. . . . ."

tive, in not including the word "feloniously" in describing defendant's conduct, would be to place form over substance.

An information "must state essential facts constituting the offense charged" and "must adequately notify a defendant of the charge against him and constitute a bar to further prosecution for the same offense." *Hodges v. State*, 462 S.W.2d 786, 789 (Mo. 1971). The omission of the word "feloniously" in the second paragraph of Count IV of the amended information, and in the companion counts, does not render it insufficient to meet those requirements.

Defendant's second point has no merit.

The judgment is affirmed.

All concur, except PREWITT, J., not participating, because not a member of the court when case was submitted.