**STATE of Missouri, Respondent,**

v.

**Kelvin M. SMITH, Appellant.**

**Nos. 37341, 41049.**

Missouri Court of Appeals, Eastern District, Division Three.

July 29, 1980.

---

1. Statutory references are to RSMo. 1978.

Lee T. Lawless, Chackes & Hoare, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., John F. White, Asst. Circuit Atty., St. Louis, for respondent.

CLEMENS, Senior Judge.

In 1975 juvenile defendant Kelvin M. Smith was certified for trial as an adult, was found guilty of armed robbery and sentenced to ten years imprisonment. Trial counsel appealed but later dismissed the appeal. In 1978, on defendant's pro se motion, the dismissal was set aside, new defense counsel was appointed and the re-instated case is now before us on appeal from the original judgment.

Defendant now raises two points. He claims plain error in admitting hearsay evidence and also contends his trial counsel did not afford effective assistance.

Defendant points to the hearsay testimony of police officer Burgoon that he had talked with the victim in the hospital who then told him, without relating other evidence of the robbery, that he had been robbed of several hundred dollars. There was no trial objection and the point was not raised in defendant's motion for a new trial.

This testimony was not, as defendant now contends, the sole evidence on taking the victim's property. From other witnesses came testimony they had seen defendant grapple with the victim, shoot him and tear off his hip pocket. The victim promptly told officers he had been robbed, shot and felled.

■ Challenging witness Burgoon's hearsay testimony as plain error, defendant relies on *State v. Sykes*, 569 S.W.2d 258[2, 3] (Mo.App.1978). That case reversed a conviction based on a police officer's testimony of defendant's admissions to him when "there was no other substantial evidence which implicated the appellant". Not so here. The State relies on *State v. Murphy*, 592 S.W.2d 727[9] (Mo.banc 1979), tightly limiting plain error review to cases where there is a manifest showing of injustice. The claimed error here is without merit for the reasons declared in both *Sykes* and *Murphy* supra.

By defendant's other point relied on he contends trial counsel was ineffective in not fully investigating the case and in not raising the issue of defendant's mental capacity. The merits of neither contention is apparent from the trial record.

■ Reviewing a contention of ineffective assistance of trial counsel on appeal may be made only "when the record develops facts essential to a meaningful review of that point". *State v. Goodson*, 558 S.W.2d 318[1] (Mo.App.1977), *State v. Burns*, 537 S.W.2d 860[4, 5] (Mo.App.1976) and the host of cases there cited. The record here is inadequate for a proper review of defendant's contention of inadequate counsel and we decline to rule on it. But, as pointed out in *Burns* supra, this

decision does not preclude future proceedings under Rule 27.26.

Judgment affirmed.

DOWD, P. J., and REINHARD and CRIST, JJ., concur.