STATE of Missouri, Respondent,

v.

George Willie HOBBS, Appellant.

No. 42553.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 13, 1981.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 13, 1981.

James E. Whitney, Jr., Clayton, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George Westfall, Clayton, for respondent.

REINHARD, Judge.

Defendant was convicted by a jury of assault first degree pursuant to § 565.050, RSMo 1978. The trial judge sentenced defendant under § 558.016, RSMo 1978 to twenty years imprisonment. From that judgment defendant appeals.

This case arises out of an incident which occurred at approximately 11:15 a. m. on April 14, 1979 at the Pick'n Save grocery store, 1215 Dielman, Olivette, Missouri. At that time, defendant and another, later identified as Joe Willie Foster, entered the store. Defendant, a regular customer of the store, shopped in the aisles with a shopping cart. While shopping, defendant inquired whether there was any spiced luncheon meat in stock. In response to defendant's question, Quentin Ray, an employee of the store, went to the cooler. While in the cooler, Ray was shot and stabbed in three separate incidents by Joe Willie Foster. After defendant had paid for his groceries

and left, Ray emerged from the cooler and was taken to the hospital.

On appeal, defendant raises three points, none of which was raised in his motion for new trial. Although these three points have not been preserved for review, we have examined the record and find defendant's contentions to be without merit.

In the first two points, defendant maintains he was so ineffectively represented by counsel that but for his counsel's ineptitude, there would have been insufficient evidence to convict him. Specifically, defendant alleges that his attorney (1) "failed to file pretrial motions, in particular, a motion to suppress identification" and (2) "through cross-examination, allowed the incriminating and prejudicial statements of a co-participant in the alleged crime to be admitted, where the state's attorney did not even attempt to introduce them into evidence."

The record on appeal reveals that no pretrial motions were filed. The cross-examination of which defendant now complains was solicited by his attorney from detective lieutenant Robert Terry. During that cross-examination, defendant's counsel inquired what Joe Willie Foster had told the detective during interrogation. Detective Terry testified that Joe Willie told him:

> [That] he and George Hobbs [defendant] had gone to the Pick'n Save Market . . . with the intention of killing everyone on the premises and robbing the place. That it was George Hobbs' idea to do that because George Hobbs had to make sure everyone on the premises was dead because he didn't want to be identified. They all knew him out there from shopping previously.

Further the detective testified that Joe Willie told him after he shot and stabbed the victim:

> [H]e went outside, gave the gun and the knife back to George [defendant], George went into an adjoining restroom and reloaded the gun, came back out and looked in at the victim lying there in the cooler, turned to Joe Willie and said, 'The man isn't dead yet go in and finish him off,' handed him back the knife and the gun.

The issue of ineffective assistance of counsel, even when properly preserved for appeal is "ordinarily relegated to disposition by way of a post-conviction motion pursuant to Rule 27.26 to vacate judgment and sentence." *State v. Larrabee*, 572 S.W.2d 250, 252 (Mo.App.1978). There are exceptions to this principle; however, they only arise in those infrequent instances where the records on appeal reveal sufficient facts so as to make a meaningful review possible. *Id.* Here, we are faced with the unfortunate situation of the death of defendant's trial attorney. He can no longer be afforded an opportunity to be heard and therefore we have reviewed the record and have found it reveals sufficient facts to make our review meaningful.

In order for a defendant to prevail on a claim of ineffective assistance of counsel, he must show that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances. *Seales v. State*, 580 S.W.2d 733, 736 (Mo. 1979). Here, the defendant has failed to show facts which would support a motion to suppress identification and therefore we cannot find that his attorney performed ineffective assistance. As to the alleged error in cross-examination, we note that a defense counsel is given wide latitude in the conduct of a defense and cannot be judged incompetent because of a trial strategy which did not produce an acquittal. *Nelson v. State*, 537 S.W.2d 689, 695 (Mo.App.1976). After reviewing the record, we conclude the testimony elicited by the defense attorney falls within the realm of trial strategy. As in many cases, trial strategy backfires and in hindsight appears somewhat less than prudent. That appears to be what occurred here.

In his third point, defendant contends that the court erred in finding him a persistent or dangerous offender under § 558.016, RSMo 1978 because it based its finding on convictions from other states. Defendant argues that the terms "felony" and "felonies" as used in § 558.016, RSMo

1978 do not include convictions from other states or from federal courts.

Defendant does not challenge the sufficiency of the state's proof that he had previously been convicted: (1) in New Mexico of the felony of burning insured personalty, (2) in Colorado of the felony of forgery, and (3) in Illinois of the felony of murder. In light of § 557.021.3, RSMo 1978 which specifically classifies "offenses defined outside of this code" for the "purposes of applying the extended term provision of § 558.016, RSMo," we find defendant's third point completely without merit.

Judgment affirmed.

CRIST, P. J., and SNYDER, J., concur.