**STATE of Missouri, Respondent,**

v.

**Darrell W. LINHART, Appellant.**

**No. WD 33291.**

Missouri Court of Appeals,
Western District.

March 29, 1983.

J. Armin Rust, Regional Public Defender, Lexington, for appellant.

John Ashcroft, Atty. Gen., Janet E. Papageorge, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, C.J., TURNAGE and LOWENSTEIN, JJ.

LOWENSTEIN, Judge.

At approximately 8:45 P.M. on the night of January 7, 1981, a car carrying appellant Linhart and three others stopped at the Santa Fe Pro Shop, a convenience store located in Boonville. The appellant and one of his cohorts, John Terrell, entered the store. While the storekeeper, Bill Steusse, went outside to pump gas for their car, Dallas Acuff, a store customer, saw the appellant move toward the cash register, open it, and remove some "five to seven" twenty-dollar bills.

As Steusse finished pumping the gasoline, he saw the appellant moving out from behind the counter where the register was located. Steusse then re-entered the store, and asked Terrell for the name of the man who had been behind the register. Steusse then checked the cash register, and discovered that all of his twenty-dollar bills ("at least ten or twelve") were gone. Steusse confronted appellant in the parking lot about the missing cash but the appellant denied any wrongdoing.

Witness Acuff left the store without telling Steusse about what he had seen. He returned shortly and told Steusse what he had observed. The two of them then called the police. The next day, Acuff went to police headquarters, and identified the appellant in a "photograph line-up."

Vernon Gerling, owner of the Santa Fe Pro Shop, testified that his inventory of the cash register proceeds, completed shortly after the robbery, showed that $260 was missing.

Appellant, relying on an alibi defense, called several witnesses in an attempt to prove that he was attending a party during the time the robbery took place.

By information appellant was charged with the Class C felony of stealing. A jury found him guilty. The trial court sentenced appellant to a term of five years imprisonment as a persistent offender, under Section 558.016, RSMo 1979.

Appellant makes two claims of error: (1) The trial court erred in failing to enter a verdict of not guilty since the evidence was insufficient to sustain the jury's finding of guilt; and (2) the trial court erred in failing, on its own motion, to order a new trial because appellant was denied effective assistance of counsel. The conviction is affirmed.

■ For his first point on appeal, appellant argues that the evidence was insufficient to sustain a finding of guilt in view of the "material inconsistencies in the testimony of the state's witnesses" and because appellant's alibi witnesses placed him away from the scene of the crime. This point has not been properly preserved for review in appellant's Motion for New Trial, so this court will review the sufficiency of the evidence question under the "plain error" doctrine. *State v. White,* 439 S.W.2d 752, 753 (Mo.1969); *State v. Neal,* 610 S.W.2d 358, 359 (Mo.App.1980). Rule 29.12(b).

Appellant points to the following inconsistencies in the state's case: (1) While witness Acuff testified that only the appellant and Terrell entered the store while he was there, Steusse testified that four persons entered the store; (2) while Steusse testified that he had seen the appellant move out from behind the counter, testimony from the responding police officer (Howson Stevens, Jr.) showed that Steusse required the aid of a customer in determining that the money was missing; (3) Stevens also testified that Steusse reported to him that two men had entered the store, thereby contradicting Steusse's statement that four men had entered the store; (4) while Acuff testified that he "knew of" the appellant "from past experience," Officer Stevens testified that Acuff was unable to identify the appellant by name on the night of January 7, 1981.

Whether these allegations are in fact concrete examples of inconsistent and contradictory testimony is debatable at best. Although Acuff did testify that only two men entered the store initially, he noted that two other men entered the store shortly thereafter. While Steusse's testimony is not as detailed as Acuff's, it is not necessarily contradictory—both saw four men enter the Santa Fe Pro Shop.

Nor is Acuff's statement that he "knew of" Darrell Linhart concrete evidence that he knew the appellant by name prior to the incident at the Pro Shop. In fact, Acuff stated that he did not know the appellant "personally."

Finally, Steusse's statement to Officer Stevens that he "discovered, with the aid of a customer, that he had some money taken from his register" is not necessarily inconsistent with Steusse's testimony that he saw the appellant move out from behind the cash register. Acuff had seen the appellant remove the money and did offer Steusse his assistance. Yet it is clear from the testimony that this assistance was offered after Steusse had checked the cash register and confronted Terrell and appellant. Acuff said nothing until after Linhart and his cohorts left the Pro Shop.

■ While inconsistencies (whereas here minor or insignificant) are matters that are proper for the jury to consider in determining guilt or innocence, they do not support a charge of insufficiency of the evidence on appeal. *State v. Wright*, 476 S.W.2d 581, 584 (Mo.1972); *State v. Frank*, 639 S.W.2d 209, 210–211 (Mo.App.1982).

Review here is limited to determining whether there is substantial evidence in the record to support the jury's verdict. *State v. Eaton*, 504 S.W.2d 12, 16 (Mo.1973); *State v. Kellick*, 521 S.W.2d 166, 168 (Mo. App.1975). In considering whether the evidence in a criminal case is sufficient to support a determination of guilt, the facts in evidence and all favorable inferences to be drawn therefrom must be considered in the light most favorable to the state and all inferences to the contrary must be disregarded. *State v. Franco*, 544 S.W.2d 533, 534 (Mo. banc 1976).

■ In the case at bar, one eyewitness testified that he saw the appellant pulling twenty-dollar bills from the cash register. The other eyewitness, Steusse, saw the appellant move out from behind the cash register, and upon investigation, immediately discovered that the money was missing. This testimony provided sufficient evidence to support the jury's verdict of guilt. The jury could assess and weigh any inconsistencies in the testimony of the state's witnesses. It was not bound to believe the alibi witnesses. Appellant's first point does not amount to plain error nor amount to error requiring a reversal and is therefore ruled against appellant.

For his second point, appellant claims that his "trial counsel failed to adequately represent him." In support of this point, he sets out four alleged deficiencies in the performance of his attorney: (1) The attorney failed to look into the identification procedures used by the Boonville police in order to determine whether the "photographic identification" made by Dallas Acuff comported with due process requirements; (2) the attorney required the trial court's assistance in phrasing certain questions; (3) the attorney failed to make a motion for acquittal at the close of the state's evidence; and, (4) the attorney was unable to get certain "crucial" police reports admitted into evidence. Appellant claims that these "isolated mistakes and oversights", if examined as a whole, "adversely affected the presentation of his defense before the jury."

■ Allegations of ineffective assistance of counsel ordinarily are not reviewable on direct appeal from a judgment of conviction. *State v. Turner*, 623 S.W.2d 4, 10 (Mo. banc 1981); *State v. Mitchell*, 620 S.W.2d 347, 348 (Mo. banc 1981). Review of such a claim on direct appeal comes only where the record develops facts essential to a "meaningful review" of that claim. *State v. Hobbs*, 612 S.W.2d 387, 388 (Mo.App. 1981); *State v. Smith*, 603 S.W.2d 78, 79 (Mo.App.1980). In most cases, this means

that the claim must be based on isolated occurrences, and the record as to each of them must be fully developed. *State v. Locke,* 587 S.W.2d 346, 350 (Mo.App.1979); *State v. McClain,* 541 S.W.2d 351, 357 (Mo. App.1976). Assuming that a defendant has focused in on "fully developed, isolated occurrences" of ineffective assistance of counsel, he must then demonstrate that his attorney "failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and that he was prejudiced thereby." *Seales v. State,* 580 S.W.2d 733, 736 (Mo. banc 1979).

■ Whether or not appellant's attorney looked into the identification procedures employed by the Boonville Police cannot be ascertained from the record. Appellant merely assumes that he did not since there was no objection to the introduction of evidence relating to the "photographic identification" made by Acuff. This claim is best left to a Rule 27.26 proceeding, where the facts can be fully developed.

■ Appellant's other claims are also best left to a proceeding under Rule 27.26. Ineffective assistance of counsel is a serious charge to level against a lawyer and, if he is available, as here, one on which he should be heard in order to judicially resolve the charge. When, on direct appeal, as here, trial counsel although available, was never afforded an opportunity to be heard, it is difficult to perceive how it can be said that the record presented on appeal discloses that sufficient facts essential to a meaningful review of the issues were developed. *State v. Larrabee,* 572 S.W.2d 250, 252 (Mo. App.1978).

The record on appeal simply does not reveal sufficient facts to make a meaningful review on this point possible and therefore appellant's point is denied.

The judgment is affirmed.

All concur.