STATE of Missouri,
Plaintiff-Respondent,

v.

Cecil W. CLOSSER,
Defendant-Appellant.

No. 13541.

Missouri Court of Appeals,
Southern District,
Division One.

March 12, 1985.

John D. Ashcroft, Atty. Gen., Michael H. Finkelstein, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.·

Frederick W. Martin III, West Plains, for defendant-appellant.

TITUS, Presiding Judge.

A Douglas County jury found defendant guilty of robbery in the first degree (§ 529.020)[1] and assessed punishment at imprisonment for 30 years. § 558.011.1(1). Defendant appealed.

Defendant was charged with having committed robbery in Howell County on September 23, 1982, via a complaint filed September 29, 1982. However, defendant had been arrested in Kansas in September 1982 on a charge committed in that jurisdiction which resulted in a sentence to the penitentiary in Kansas. Pursuant to defendant's compliance with paragraph one, Article III of the Agreement on Detainers, § 217.490, he gave written notice of his request for final disposition of the Missouri charge which was received by the Howell County circuit court and prosecutor on March 28, 1983.

Per defendant's request, he was returned to Howell County on September 1, 1983. Between September 2 and 12, 1983, defendant was informally arraigned, was appointed counsel per request and was afforded a preliminary hearing on the complaint after

1. References to statutes and rules are to V.A.    M.S. and V.A.M.R.

which he was bound over to the Circuit Division. The information was filed September 13, 1983, and defendant was arraigned thereon September 14, 1983. At the arraignment defendant unsuccessfully moved for dismissal of the charge claiming he would not have sufficient time to prepare a defense if trial were held within the 180 days permitted by § 217.490 and the cause was set for trial for September 20, 1983, or 176 days after receipt of defendant's request for disposition, supra. On the day set for trial, defendant filed an application for a change of venue and a change of judge. Rules 32.03, 32.07 and 32.08. The application was sustained September 20, 1983. After a new judge was assigned, venue was changed to Douglas County and trial was set for October 3, 1983. On the latter date (day of trial) defendant, inter alia, filed a motion to dismiss under § 217.490 because his trial was taking place in excess of 180 days, to wit 189 days. The motion was overruled and the case proceeded to trial. The entire trial testimony consumes but 26 pages of the transcript on appeal. Defendant offered no testimony or evidence at trial and does not here complain concerning the sufficiency of the evidence to sustain the conviction. Of additional interest is that when testimony anent defendant's motion to dismiss, supra, was presented to the circuit court of Douglas County on October 3, 1983, defendant's counsel admitted that when defendant was arraigned in Howell County on September 14, 1983, he repeatedly asserted, in answer to court questions, that he insisted upon "his right to speedy trial within [the] 180 day time frame." At the same time defense counsel also acknowledged that when appearances were made on September 20, 1983, when the case was set for trial in Howell County, "the state was ready for trial and had witnesses present and ... the jury panel was there ready for selection."

Defendant's initial point is that the trial court erred in denying his October 3, 1983, motion to dismiss the information per § 217.490 because he had not been brought to trial within 180 days of delivery of his written request for final disposition of the Missouri charge.

Under Rule 32.08 "A defendant who desires both a change of venue and a change of judge must join both requests in a single application" which was here done. We know from the 1984 Missouri Legal Directory that Howell County has a population of 23,031. By reason of that and the fact defendant's motion for a change of judge was filed within 30 days of arraignment, the Howell County court had no discretion but to grant the motion. Rules 32.07 and 32.08. Also, after a new judge was assigned, he had no choice but to grant defendant's request for a change of venue. Rule 32.03. In other words, the Howell County court under these rules, because of the mandatory use of "shall" therein, had no freedom but to grant the application for a change of judge and the newly appointed judge had no choice except to sustain the application for a change of venue. Consequently, the reason defendant's trial was not held within the 180 days on September 20, 1983, was that his application for a change of venue and judge, concerning which the court of Howell County had absolutely no discretion, brought and forced mandatory hiatus in the conduct of his trial within the period set forth in § 217.490.

*State v. Sallee*, 624 S.W.2d 184, 186[1] (Mo.App.1981), held that "A continuance granted at the request of defendant's attorney tolls the 180-day period of the 'agreement on detainers'.... ." We comprehend little, if any, difference between a pause caused in a legal proceeding because of a continuance at defendant's asking and such a hiatus produced by defendant's application for a change of judge and venue which, in the situation here, requires unqualified compliance. In our opinion *Commonwealth v. Fasano*, 6 Mass.App. 325, 375 N.E.2d 361, 366[2, 3] (1978), confirms our conclusion. In *Fasano* defendant asserted the case against him should have been dismissed because there was no showing of "good cause" why he had not been brought to trial within 180 days. The court there noted that on the 177th day of the

period (compared to the 176th day here) the prosecution was ready for trial when defendant moved to dismiss. In denying defendant's claim the court said: "We are of the opinion that the presentation of the [defendant's] motion ... on October 7 with the announced intention of filing it operated as a waiver of so much of the 180-day period as should be reasonably necessary to secure a judicial resolution of the questions raised by the motion." Also see, *Reaves v. State*, 242 Ga. 542, 250 S.E.2d 376, 386[30] (1978), where it was held the delay occasioned by defendant's pretrial motions provided good cause for tolling the time limitation specified in the Agreement on Detainers.

At the trial of the cause, the owner of the robbed package liquor store testified briefly that he owned the establishment and was not present when the robbery occurred. His testimony covers approximately one page of the trial transcript. He was not cross-examined by the defendant. The only other two witnesses who testified at trial were the package store employee who was on duty at the time of the robbery and a Kansas police officer who testified that when defendant had been arrested in Kansas and had been given the *Miranda* Warning he, inter alia, orally admitted the armed robbery in question. The liquor store employee had testified at the preliminary hearing, and the Kansas officer had been extensively questioned by defendant's lawyer on defendant's motion to suppress the statement defendant allegedly made to this official at the time of the Kansas arrest. Consequently, defendant and his counsel were well aware prior to trial what the state's evidence would be. The defense has not undertaken to speculate, let alone demonstrate, what knowledge of the testimony of the state's witnesses or evidence he was deprived of preceding trial because of the setting dates involved. If defendant wanted or deserved more in-depth interrogation of the state's two and only principal witnesses he could have sought a continuance albeit he avowed, as previously observed, his insistence on having the trial within the 180-day period in question. As

his application for a change of judge and venue left no alternative but to mandatorily grant same and thus extend the trial date, through no fault of the state, beyond the 180-day period in question, we detect no valid basis for his first point relied on which is denied.

■ Rule 29.11(d) provides: "In jury tried cases allegations of error to be preserved for appellate review must be included in a motion for new trial except that questions of jurisdiction of the court over the offense charged ... need not be included in a motion for new trial." When § 217.490 is applicable and a defendant is not tried within 180 days and no "good cause" is demonstrated as to why trial was not conducted within that limitation, the court loses jurisdiction over the defendant and the offense charged. *State ex rel. Hammett v. McKenzie*, 596 S.W.2d 53, 54 (Mo.App.1980). Consequently, defendant's first point, as it relates to the jurisdiction of the trial court, was preserved for appellate review although not included in a timely motion for a new trial. However, the same cannot be said of defendant's second and final point relied on.

■ If a motion for new trial, as here, is not filed within the time prescribed by Rule 29.11(b), this court, sua sponte, must take notice of that fact [*State v. Barkwell*, 590 S.W.2d 93, 95[1] (Mo.App.1979)] for such a motion preserves nothing for appellate review. *State v. Felkins*, 599 S.W.2d 955, 956[1] (Mo.App.1980).

■ Defendant seeks plain error review of his second point under Rule 29.12(b), admitting it was not properly preserved in his untimely motion for a new trial. The point concerns the overruling by the court nisi of defendant's motion to quash the jury panel and array because the prospective jurors allegedly had not been selected in accordance with the provisions of Ch. 494. We have read the statutes, the transcript and briefs relative to defendant's claim and find that no manifest injustice or miscarriage of justice resulted from defendant's hypothetical claims of trial court

error and therefore find no error, plain or otherwise. Defendant's second point relied on is denied. *State v. Phelps*, 673 S.W.2d 128 (Mo.App.1984).[2]

The judgment is affirmed and defendant's request for oral argument per our Special Rule 1(b) is denied.

FLANIGAN and GREENE, JJ., concur.

2. See *State v. Austin*, S.D. No. 13545, —— S.W.2d —— (Mo.App.1985), for disposition of co-defendant's appeal.